YAZOO & MISSISSIPPI VALLEY RAILROAD CO. *v.* ALEXANDER
GRANT.

1. RAILROADS.    *Carrier of passengers.    Negligence.    Contracts against
    liability for.*

    A common carrier cannot contract against liability for damages
    arising from its own negligence.

2. SAME.    *Free pass.    Person using injured.*

    A stipulation printed on a railroad pass to the effect that the per-
    son accepting it, "in using the same, agrees not to hold the
    company liable for any damage to his person or property under
    any circumstances whatever," will not acquit the railroad com-
    pany from liability to a person traveling on the pass for personal
    injuries caused by the negligence of the company's employes.

3. CIRCUIT COURT PRACTICE.    *Pleadings.    Code 1892, § 686.    Evidence.*

    Under Code 1892, § 686, providing that all affirmative defenses
    must be specially pleaded or notice of them given under the
    general issue, in a suit by a passenger against a railroad com-
    pany for personal injuries, evidence is inadmissible by defend-
    ant to show that the plaintiff was traveling on a free pass, con-
    taining an agreement not to hold the company liable for his
    injuries, where defendant has not pleaded the facts nor given
    notice thereof under the general issue.

4. EVIDENCE.    *Order of introduction.    Cross-examination.*

    Special affirmative matter in avoidance of plaintiff's cause of
    action is properly rejected when it is sought to inject it into
    plaintiff's testimony before he has closed his case.

5. DAMAGES.    *Excessive.*

    Evidence examined and conclusion reached that ten thousand dol-
    lars was not an excessive recovery in the case.


FROM the circuit court of Warren county.

HON. GEORGE ANDERSON, Judge.

Grant, the appellee, was plaintiff in the court below; the
railroad company, the appellant, was defendant there. From a
judgment in plaintiff's favor the defendant appealed to the
supreme court.

On the trial plaintiff testified, on the subject of his injuries, that two ribs were broken, his hand, arm, and leg were cut, his back badly wrenched, his shoulder dislocated, and his arm broken, in the wreck of defendant's train; that he suffered great mental and physical pain, and for two weeks spit up blood; that he was, at the time of the wreck, doing a general mercantile business, and had no one to help him, and for about three months after the wreck his store was closed most of the time, as he was unable to do anything; that he paid considerable sums for medicine and doctor's bills; and that he still suffered from the effects of his injuries, and was in bed about three months. One Hicks testified that he was a physician and treated plaintiff for the injuries, and described the injuries substantially as plaintiff did, except he did not think any of plaintiff's ribs were broken. The opinion of the court contains a statement of such other facts as are necessary to understand the case.

*Mayes & Longstreet,* and *C. N. Burch,* for appellant.

Plaintiff used the pass, knowing the stipulation on it, and he cannot now be heard, having enjoyed the benefit of it, to claim damages in the teeth of his contract. *Northern R. R. Co.* v. *Adams,* 192 U. S., 440 (24 Sup. Ct., 408; 48 L. ed., 513); *Boering* v. *Chesapeake, etc., Co.,* 193 U. S., 442 (24 Sup. Ct., 515; 48 L. ed., 742); *Kinney* v. *Railroad Co.,* 32 N. J. Law, 407 (90 Am. Dec., 675); *Id.,* 34 N. J. Law, 513 (3 Am. St. Rep., 265); *Perkins* v. *Railroad Co.,* 24 N. Y., 196 (82 Am. Dec., 281); *Wells* v. *R. R. Co.,* 24 N. Y., 181; *Sutherland* v. *R. R. Co.,* 7 U. C. C. P., 409; *Rogers* v. *S. S. Co.,* 86 Me., 261 (29 Atl., 1069; 25 L. R. A., 491); *Payne* v. *R. R. Co.,* 157 Ind., 616 (62 N. E., 472; 56 L. R. A., 472). See note to *Muldoon* v. *R. R. Co.* (Wash.), 22 L. R. A., 794.

*McLaurin & Thames,* for appellee.

A common carrier cannot exempt itself, by special contract, from liability for tort or negligence, where it undertakes to

transport passengers gratuitously on a pass. *Illinois Cent. R. R. Co.* v. *Crudup,* 63 Miss., 291; *Prince* v. *I. & G. N. R. R. Co.,* 64 Tex., 144; *Mobile, etc., R. R. Co.* v. *Hopkins,* 41 Ala., 489 (94 Am. Dec., 607); *Ind. Cent. R. R. Co.* v. *Mundy,* 21 Ind., 48 (83 Am. Dec. 339); *Jacobus* v. *St. Paul, etc., R. R. Co.,* 20 Minn., 125 [Gil. 110] (18 Am. Dec., 360); *Railroad Co.* v. *Butler,* 57 Pa., 335; *Railroad Co.* v. *Read,* 37 Ill., 484 (87 Am. Dec., 260); *Carroll* v. *M. P. R. R. Co.,* 88 Mo., 239 (57 Am. St. Rep., 382); *Railroad Co.* v. *Selby,* 47 Ind., 471 (17 Am. St. Rep., 719); *Railroad Co.* v. *Bishop,* 50 Ga., 465; *G., C. & S. F. R. R. Co.* v. *McGowan,* 65 Tex., 640; *Railroad Co.* v. *Wier,* 37 Mich., 115 (26 Am. St. Rep., 499); *Sager* v. *R. R. Co.,* 31 Me., 228 (1 Am. St. Rep., 659); *Maslin* v. *B. & O. R. R. Co.,* 14 W. Va., 180 (35 Am. St. Rep., 748); *Cleveland R. R. Co.* v. *Curran,* 19 Ohio St., 1 (2 Am. St. Rep., 362); *Rose* v. *Des Moines, etc., R. R. Co.,* 39 Iowa, 246; *Lawson* v. *Chicago, etc., R. R. Co.,* 64 Wis., 447 (24 N. W., 618; 54 Am. St. Rep., 634); *Louisville, etc., R. R. Co.* v. *Oden,* 80 Ala., 38; *Little Rock, etc., R. R. Co.* v. *Talbot,* 39 Ark., 525.

*A. J. McLaurin,* on the same side, cited the following authorities:

*I. C. R. R.* v. *Crudup,* 63 Miss., 302; *Prince* v. *I. G. N. R. R. Co.,* 64 Tex., 144; *M. & O. R. R. Co.* v. *Hopkins,* 41 Ala., 489 (94 Am. Dec., 607); *I. C. R. R. Co.* v. *Mundy,* 21 Ind., 48 (83 Am. Dec., 339); *Jacobus* v. *St. Paul, etc., R. R. Co.,* 20 Minn., 125 [Gil. 110] (18 Am. Dec., 360); *Railroad Co.* v. *Butler,* 57 Pa., 335; *I. C. R. R. Co.* v. *Read,* 37 Ill., 484 (87 Am. Dec., 260); *Carroll* v. *R. R. Co.,* 88 Mo., 239 (57 Am. St. Rep., 382); *Railroad Co.* v. *Selby,* 47 Ind., 471 (17 Am. St. Rep., 719); *Railroad Co.* v. *Lockwood,* 17 Wall., 357 (21 L. ed., 627); *Railroad Co.* v. *Bishop,* 50 Ga., 465; *Commissioners* v. *R. R. Co.,* 108 Mass., 7 (11 Am. St. Rep., 301); *G., C. & S. F. R. R.* v. *McGowan,* 65 Tex., 640; *Railroad Co.* v. *Wier,* 37 Mich., 111 (26 Am. St. Rep., 499); *Sager* v. *R. R. Co.,* 31

Me., 228; *Maslin* v. *B. & O. R. R. Co.,* 14 W. Va., 180 (35 Am. St. Rep., 748); *Railroad Co.* v. *Curran,* 19 Ohio St., 1 (2 Am. St. Rep., 362); *Rose* v. *Des Moines R. R. Co.,* 39 Iowa, 246; *Lawson* v. *Chicago, etc., R. R. Co.,* 64 Wis., 447 (24 N. W., 618; 54 Am. St. Rep., 634); *Little Rock, etc., R. R. Co.* v. *Talbot,* 39 Ark., 525; *Branch et al.* v. *Railroad Co.,* 88 N. C., 573.

Cox, J., delivered the opinion of the court.

The decision of this case hinges upon the determination of the question whether the trial court erred in sustaining the objection of plaintiff, who is appellee here, to the introduction of a letter from plaintiff in words as follows—"Hardee, Miss., 3, 28, 1904. Major J. M. Kemp, Superintendent, Greenville, Miss.—Dear Sir: I have an occasion to go to Baton Rouge pretty soon, and I would appreciate a pass very much. Date it from April 2nd to 22nd. Respectfully, Alex. Grant, Agent"—and also to the introduction of a pass sent him in response to the above letter, styled, "Employe's Ticket, Pass check for Alex. Grant from Hardee, Miss., to Baton Rouge, La.," which provided that "the person accepting this ticket, in using the same, agrees not to hold the company liable for any damage to his person or property, under any circumstances whatever," and recited that "employe's passes must only be issued to employes of the Yazoo & Mississippi Valley Railroad Co., or of the railway mail service, and of the express, telegraph, news, and sleeping car companies which have regular contracts for service on the Yazoo & Mississippi Valley R. R."

Plaintiff in his declaration alleges that a train of defendant, on which he was a passenger, was wrecked by reason of the unsound and unsafe condition of defendant's roadbed, occasioned by rotten or defective crossties and a bad frog, and that plaintiff, in the said wreck, received certain severe injuries. The declaration charges that the said defective condition of its roadbed was known to defendant, or could have been by reason-

able inquiry or inspection, and had been so for a long time, and that the defendant was willfully, recklessly, and capriciously negligent in the conduct and management of its business, to the great injury and damage of plaintiff. Defendant pleaded the general issue only, and did not give notice of affirmative matter in avoidance.

Under the pleadings the court could not do otherwise than exclude the letter and pass when offered in evidence. It is provided by Code 1892, § 686, that "if the defendant desire to prove under the general issue in an action any affirmative matter in avoidance, which by law may be proved under such plea, he shall give notice thereof in writing, annexed to or filed with the plea, otherwise such matter shall not be allowed to be proved at the trial." While, as a rule, great liberality is allowed in pleading and procedure, this statute is mandatory, and must be strictly complied with. The effect of sec. 686 is to require every affirmative matter to be pleaded specially or given notice of, so as to distinctly inform the opposite party of the precise ground of contest on which he is to be met by his adversary. *Tittle* v. *Bonner,* 53 Miss., 578. The evidence offered and excluded had no tendency to disprove either the negligence of defendant or the resulting injuries of plaintiff. Its utmost and sole effect would have been to show a release of all claim for damages, which was an affirmative fact in avoidance. The exclusion of such evidence under the general issue, if notice in writing be not given, was the chief purpose of sec. 686. Again, the court did not err in excluding the proffered evidence, because offered at the wrong time. Plaintiff was testifying, and it was sought to inject the letter and pass into his testimony. While it was proper to permit plaintiff, on cross-examination, to be questioned about them (and this was not refused), it would have been improper to permit defendant at this stage to introduce its defense, and have it considered by the jury, before the plaintiff had closed his case, and, indeed, before his own testimony was concluded. Defendant failed to offer the letter and pass after

plaintiff had rested, and has no right to complain of a ruling of the court which, under any view of the evidence offered, was perfectly correct at the time it was made.

But even if the evidence excluded had been offered under a proper pleading and at the proper time, it would still have been incompetent. It is definitely settled in this state that a common carrier cannot contract against liability for damages arising in consequence of its own negligence. This is the law even in the case of a passenger riding on a free pass, and who has released the carrier from liability for the negligence of its servants. *Ill. Cent. R. Co.* v. *Crudup,* 63 Miss., 302. It is contended by counsel for appellant that the case last cited does not hold that the acceptance of a free ticket does not debar the right to sue in such case, and that the pronouncement by the court in that case that such a contract is against public policy is mere dictum. We do not so read. The decision in that case rests upon two distinct grounds, a want of consideration for the waiver of damages being one and the violation of public policy being the other. The decision of the court might have been rested upon either. It was in fact rested upon both. It is supported by what seems to be the great weight of authority, and is in perfect harmony with the decisions of a great number of courts of last resort in the United States. The opposite view is held in England and by the supreme court of the United States and by some of the state courts, but we adhere to that view of public policy which is announced in the case last cited. Those desiring to see a marshaling of the two conflicting lines of decision upon the question considered are referred to briefs of counsel in the case.

The sum for which judgment was rendered, $10,000, is large; but when the very serious injuries suffered by plaintiff, and the severe pain endured by him, are considered, we cannot say that it was excessive. The amount of damages to be awarded in a case of this kind, involving the consideration of both physical and mental pain and suffering, is peculiarly a matter for the

jury. The verdict, if excessive at all, is not so grossly excessive as to indicate passion, prejudice, or corruption upon the part of the jury, and therefore will not be disturbed.

*Affirmed.*

