PORTER v. AMERICAN TOBACCO CO.

(Supreme Court, Appellate Division,. Second Department. November 18, 1910.)

1. PLEADING (§ 166*)—STATUTORY ACTION—PLEA IN AVOIDANCE—RIGHT TO REQUIRE REPLY.

In an action brought under Civil Rights Law (Laws 1909, c. 14.[Consol. Laws, c. 6]) § 51, providing that recovery may be had by any person whose. picture is taken for advertising purposes without his written con-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sent, but plaintiff must allege and prove that he had not given such written consent, the court properly refused to require a reply to defendant's plea of avoidance, alleging that he had given such written consent, under Code Civ. Proc. § 516, providing that, in the discretion of the court, plaintiff may be required to reply to new matter set up in defendant's answer by way of avoidance, as such allegation in the answer did not allege matter in avoidance, but was a defense that would absolutely destroy the cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 321½, 328; Dec. Dig. § 166.*]

2. APPEAL AND ERROR (§ 960*)—PLEA OF AVOIDANCE—ORDER REFUSING TO REQUIRE REPLY—REVIEWABLE ON APPEAL.

Under Code Civ. Proc. § 516, providing that in the discretion of the trial court plaintiff may be required to reply to defendant's answer by way of avoidance, the appellate court will not interfere with the trial court's discretion in refusing to require such reply, except where a clear case is presented warranting such interference.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3825–3833; Dec. Dig. § 960.*]

3. PLEADING (§ 130*)—"AVOIDANCE."

A pleading by way of "avoidance" contemplates the introduction of new or special matter, which, admitting the premises of the opposite party, repels his conclusions.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 276, 283; Dec. Dig. § 130.*

For other definitions, see Words and Phrases, vol. 1, pp. 654, 655.]

Appeal from Special Term, Kings County.

Action by Harry F. Porter against the American Tobacco Company. From an order refusing to require plaintiff to reply to defendant's answer in avoidance, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, THOMAS, and RICH, JJ.

James T. Kilbreth (Henry G. Schackno, on the brief), for appellant.

Walter Jeffreys Carlin, for respondent.

WOODWARD, J. The plaintiff brings this action to secure a perpetual injunction forbidding the defendant to make use of the plaintiff's name and picture for business purposes, and for damages for such use. The complaint alleges that the defendant "willfully, knowingly, and without the written or oral consent of plaintiff, used the name and picture or portrait of plaintiff, a living person, for advertising purposes and for the purposes of trade in the state of New York and elsewhere from the year 1909 to the present time, and still continues to so use plaintiff's name and picture"; and this is the gravamen of the action, though other matters are alleged in support of the claim for damages. The defendant denies the material allegations above quoted, and sets up a separate and distinct defense, "that on or about the 5th day of July, 1909, and prior to the use by this defendant of the name, portrait, or picture of the plaintiff for advertising purposes, or for the purposes of trade, the plaintiff made, executed, and delivered a consent in writing as follows," setting out a written consent without date. The plaintiff did not reply to this alleged defense,

and the defendant moved the court for an order directing the plaintiff to reply, under the provisions of section 516 of the Code of Civil Procedure. The learned justice before whom the motion was made denied the same; the defendant appealing from such order.

Section 516 provides that, where "an answer contains new matter, constituting a defense by way of avoidance, the court may, in its discretion, on the defendant's application, direct the plaintiff to reply to the new matter." The matter is one going peculiarly to the discretion of the court which entertains the motion, and, while it is not beyond the power of this court to interfere, we apprehend that a clear case should be presented to warrant this court in overruling an order of this character. In the case now before us the statute, which alone gives the right of action, for none existed at common law (Roberson v. Rochester Folding Box Co., 171 N. Y. 538, 64 N. E. 442, 59 L. R. A. 478, 89 Am. St. Rep. 828), provides that:

"Any person whose name, portrait or picture is used within this state for advertising purposes or for the purposes of trade without the written consent first obtained as above provided may maintain an equitable action in the Supreme Court of this state against the person, firm or corporation so using his name, portrait or picture, to prevent and restrain the use thereof." Section 51, Civil Rights Law (Laws 1909, c. 14 [Consol. Laws, c. 6]).

The action is statutory, and the plaintiff must, by pleading and proof, bring the action within the terms and conditions of the statute. Lewis v. Howe, 174 N. Y. 340, 343, 66 N. E. 975, 1101, and authorities there cited. He must therefore plead and prove that the defendant is making use of his name or picture for advertising or business purposes without having first procured the written consent of the plaintiff to make such use of the same. The plaintiff has no cause of action whatever, unless he proves that the defendant is making use of his name or picture for advertising or trade purposes without his written consent. That is an essential part of his cause of action, and it may be questioned whether the alleged written consent of the plaintiff to the American Lithographing Company and its customers is "new matter, constituting a defense by way of avoidance."

An "avoidance" in pleading is defined to be the introduction of new or special matter, which, admitting the premises of the opposite party, avoids or repels his conclusions. 3 Am. & Eng. Ency. of Law, 523, and authorities cited in notes. Here the defendant denies that it has made use of the plaintiff's name or picture without his written consent. It raises an issue as to the facts alleged, and places the burden of establishing the fact upon the plaintiff. Its alleged new matter does not avoid the plaintiff's right to recover. It takes from him his cause of action, and that can all be fully and fairly brought out upon the trial of the issue of whether the defendant has made use of the plaintiff's name or picture without his written consent. The plaintiff must affirmatively prove his case, subject to the defendant's right of cross-examination; and it is difficult to see how any end of justice would be promoted by forcing the plaintiff to reply to matter which does not constitute a defense by way of avoidance, but by way of destroying absolutely the cause of action.

The order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.