GULF & S. I. R. Co. *v.* SULLIVAN.

(Division A.   May 28, 1928.   On Suggestion of Error, Jan. 14, 1929.)

[119 So. 501.   No. 27214.]

(1)

**T. J. Wills,** of Hattiesburg, and **R. V. Fletcher,** of Chicago, Ill., for appellant.

4

Wells, Stevens & Jones and Hughes, Nobles & Lane, all of Jackson, for appellee.

Argued orally by **T. J. Wills**, for appellant, and by **J. Morgan Stevens**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a judgment for damages to the appellee, for which he claims the appellant is responsible.

According to the evidence for the appellee, his brother, W. J. Sullivan, was employed by the appellant as a section hand, and was a member of a crew of which L. F. Swilley was the foreman.

In September, 1926, Swilley sent the appellee word by his brother that he would give him two dollars and fifty cents a day if he would join his crew and work for the appellant as a member thereof, which offer he accepted without his parents' knowledge, and began work for the appellant with Swilley, some distance from his home. He did not return home for several days, but then did so at his father's request. He continued thereafter to be a member of his father's household, and in the employment of the appellant, to the knowledge of his father and mother, and without objection by them communicated to Swilley, or otherwise to the appellant. The reason they assign for not objecting was that they feared that if they objected the appellee would leave them.

About the last of November smallpox appeared in the neighborhood where Swilley's crew worked, and he advised all of the members thereof that they must be vaccinated; otherwise, he could not retain them in the

appellant's employment. All of the members of this crew, including the appellee and his brother, complied with this request or order, whichever it was, of Swilley, and were vaccinated. The physician who vaccinated them was procured by the appellant, and was a friend of, and at times attended professionally, members of the appellee's family. The appellee knew the purpose of the vaccination, and was told by Swilley that vaccination was not harmful.

About a week or ten days after he was vaccinated, which was on his arm, trouble developed therefrom, resulting in the serious impairment of the use of the arm. The appellee was seventeen years old when he was vaccinated.

The error assigned is the refusal of the court below to direct a verdict for the appellant.

The appellee's claim for damages is based on:

(1) The alleged violation by the appellant of section 1080, Code of 1906, section 848, Hemingway's 1927 Code, which makes it a criminal offense to "persuade, entice, or decoy away from its father or mother, with whom it resides, any child under the age of twenty-one years if a male, or eighteen if a female, being unmarried, for the purpose of employing such child without the consent of its parents, or one of them."

(2) The vaccination of the appellee by the appellant's physician without the consent of the appellee's parents, or one of them.

The appellant's answer to the first of these contentions is:

(1) That the statute was enacted for the benefit of parents only, and therefore cannot be invoked by a minor employed by another, in violation thereof; and

(2) If mistaken in this, the statute does not relieve the appellee of proving that the vaccination was negligently done;

(3) The appellee's parents consented to his employment by the appellant before he was vaccinated.

We will pretermit any discussion of the first and second of these contentions of the appellant, and will come at once to the third.

One purpose which the statute seeks to accomplish is to prevent the employment of a minor without the consent of its parents, or one of them, after it has been enticed away from its parents.

The consent of the parents to the employment of their minor child by another may be given after it has been so employed, and the employment thereafter will be, of course, with the consent of the parents.

The parents' "consent may be implied as well as express; and if the minor is employed on a continuous job, and the father permits him to continue without objection, his consent will be implied." 20 R. C. L. 621. The appellee remained in the appellant's employment about six weeks after his parents acquired knowledge thereof, and without objection from them; consequently, they must be held to have consented thereto. That the reason they made no objection thereto was because of the fear that, if they did, the appellee would leave them is of no consequence.

The vaccination of one person by another without his consent subjects the one who vaccinated the other to liability to such other if not consented to by him. If the person vaccinated "is at the time, by reason of his youth, . . . incapable of understanding or appreciating the consequences of the invasion (which here was the vaccination):

"(a) His assent to the invasion is not consent thereto.

"(b) The consent of a parent, guardian or other person standing in like relation to him, if it is within his power to give it, has the same effect as his own assent would have if he had the capacity to give consent." Am.

L. Inst. Restatement, Torts (Tent. No. 1) sections 12, 13, and 74.

This rule was recognized by the court below, and the jury was charged accordingly. The evidence, however, left nothing in this connection to be submitted to the jury, for it is manifest therefrom that the appellee was of sufficient intelligence to understand and appreciate the consequences of the vaccination, usually a very simple operation, resulting in no harm other than a temporary inconvenience. Compare Bakker v. Welsh, 144 Mich. 632, 108 N. W. 94, 7 L. R. A. (N. S.) 612, 8 Ann. Cas. 195.

That he assented to the vaccination in order to retain his job does not constitute duress, within the meaning of the law.

The court below should have directed a verdict for the appellant.

Reversed, and judgment here for the appellant.

On Suggestion of Error.

**Smith, C. J.,** delivered the opinion of the court.

The appellee has filed a suggestion of error, the only question with merit therein being that we erred in not remanding the case for trial on the third count of the declaration. That count alleged, among other things, that some time after his injury the appellant gave the appellee a free pass over its railroad and that of the Illinois Central Railroad Company to Chicago, Ill., with a request that he travel thereon to Chicago, and report to the hospital maintained by the appellant in the city of Chicago for medical treatment; that he boarded one of appellant's trains at Magee, Miss., and traveled thereon to Jackson, where the appellant connects with the Illinois Central Railroad. While on the train he gave the pass to the appellant's conductor, who was in charge of the train, "whereupon the said conductor ridiculed,

abused, and cursed plaintiff, calling him a damn, ignorant fool, and told him that he could not ride on that train on that pass,'' but permitted him to do so.

The pass contains the following stipulation, signed by the appellant: ''A person accepting and using this pass, in consideration of receiving the same, agrees that the I. C. Railroad Company, the Yazoo & Mississippi Valley Railroad Company and the Gulf & Ship Island Railroad Company, or either of them, shall not be liable under any circumstances, whether of negligence of its or their agents or others, for any injuries to the person or for any loss or damage to the property of the individual using this pass, and that as such individual each such company shall not be considered as a common carrier or liable as such.''

Two questions are here presented: (1) Is the stipulation in the pass valid? and, if it is, (2) is the conduct of the appellant's conductor, here complained of, included therein? If the first of these questions is ruled by Y. & M. V. R. Co. v. Grant, 86 Miss. 565, 38 So. 502, 109 Am. St. Rep. 723, 4 Ann. Cas. 556, it must be answered in the negative; but, if by Charleston & Western Carolina R. Co. v. Thompson, 234 U. S. 576, 34 S. Ct. 964, 58 L. Ed. 1476, and authorities there cited, it must be answered in the affirmative. We are not called on to decide which rule here applies, for it is clear that, if the latter applies, the wrong complained of is not included within the stipulation, which must be held to apply only to cases of ordinary negligence, and not to willful or wanton acts. Northern Pac. R. Co. v. Adams, 192 U. S. 440, 24 S. Ct. 408, 48 L. Ed. 513; I. C. R. Co. v. Read, 37 Ill. 484, 87 Am. Dec. 260; Missouri Kansas & Texas R. Co. v. Zuber, 76 Okl. 146, 184 P. 452, 7 A. L. R. 840; 10 C. J. 718.

That the appellant was an employee of the appellee, if such, in fact, he was, when the injury complained of occurred, is of no consequence, for he was not then being transported as an incident to, and part of, that employ-

ment, as was the case in Great Southern Lbr. Co. v. Hamilton, 137 Miss. 55, 101 So. 787. He was a passenger, and entitled to the rights of such, except in so far as the stipulations in his pass interfered therewith.

The suggestion of error will be sustained to the extent that the former final judgment herein rendered will be modified to the extent that the case will be remanded for trial on the cause of action hereinbefore set out and included in the third count of the declaration.

Suggestion of error sustained in part.