GOODYEAR YELLOW PINE CO. v. MITCHELL.

(Division B. Oct. 2, 1933. Suggestion of Error Overruled Nov. 27, 1933.)

[150 So. 792. No. 30693.]

Parker & Shivers, of Poplarville, and **Stevens & Heidelberg**, of Hattiesburg, for appellant.

154

Hathorn & Williams, of Poplarville, and **J. E. Stock-**
**still,** of Picayune, for appellee.

Argued orally by **Rowland W. Heidelberg**, and **H. H. Parker,** for appellant, and by **F. C. Hathorn,** and **E. B. Williams,** for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee brought this action against appellant in the circuit court of Pearl River county to recover damages for an injury received by him while in the employ of appellant, alleged to have been caused by the negligence of the latter. There was a trial resulting in a verdict and judgment in favor of appellee in the sum of three thousand dollars. From that judgment appellant prosecutes this appeal.

Appellee was employed as a laborer in the lumber plant of appellant at Picayune. His work was in the pattern department and crate shed. A part of his duties was to assemble packages of boards and braces for use in the making of crates; he and his fellow laborers bound these packages together with wire. The evidence showed that the packages weighed more than two hundred pounds, probably more nearly two hundred fifty pounds. One witness testified that the weight was something like three hundred pounds. These packages were bound together for shipment, and appellee and his coworkers were required to stack them on a platform from which they were to be loaded into railroad cars. In stacking the packages for railroad loading they had to be lifted by the workers from six to seven feet high. Appellee and Monroe Bounds were working together.

Appellee's evidence, which was believed by the jury, showed that Bob Simmons was appellant's foreman over the work; that these packages could not be safely lifted and placed in position by one man; that it was a two-man job, and that Foreman Simmons knew that fact; that Simmons, in his rounds, found Bounds absent (he had gone to get some wire used in binding the packages), and appellee awaiting his return; that Simmons asked appellee what was the matter, why he was doing nothing, to which the latter replied that his coworker, Bounds, had gone to get some wire. In reply to this Simmons said, "Hell-fire, we can't shut this plant down for one man, get those things back there and stack them up, or go to the office

and get your time," which meant that if appellee did not do the work alone in Bjounds' absence he would be discharged. Thereupon appellee, fearing he would lose his job if he refused to obey the foreman, attempted to stack one of the packages on the platform. In doing so, the weight was such that it caused one of his feet to slip, and he was crushed to the floor, resulting in a rupture of the abdomen.

Appellant contends that there was no liability because appellee's injury was brought about by his own negligence in "voluntarily overtaxing and overexerting himself;" while appellee contends that the proximate cause of the injury was the failure of appellant to furnish him sufficient help to do the work required of him; to be more specific, that the proximate cause of the injury was the command of appellant's foreman, Simmons, that appellee lift and stack the packages without the assistance of his cohelper, Bounds, which was more than a one-man job, coupled with the threat that if he did not do so he would be discharged.

In considering this question, section 513 of the Code of 1930 should be kept in mind. The statute provides that an employee shall not be held to have assumed the risk of his employment in any case where injury or death results in whole or in part from negligence of the master.

Gulf & S. I. R. Co. v. Bryant, 147 Miss. 421, 111 So. 451, 52 A. L. R. 901; Natural Gas Engineering Corporation v. Bazor (Miss.), 137 So. 788 (not reported [in State report]), and Jefferson v. Denkmann Lumber Co. (Miss.), 148 So. 237, are decisive of this question in favor of appellee, and the principle declared in those cases is supported by numerous decisions in other states. 39 C. J. pp. 523 and 525, par. 629; 18 R. C. L. 601, par. 101; Cincinnati, N. O. & T. P. R. Co. v. Tucker, 168 Ky. 144, 181 S. W. 940; Di Bari v. J. W. Bishop Co., 199 Mass. 254, 85 N. E. 89, 17 L. R. A. (N. S.) 773, 127 Am. St. Rep. 497; Rosin v. Danaher Lumber Co., 63 Wash. 430, 115 Pac.

833, 40 L. R. A. (N. S.) 913; Alabama G. S. R. Co. v. Vail, 142 Ala. 134, 38 So. 124, 110 Am. St. Rep. 23.

It was held in the Bazor case, that where a master employs servants to act in concert in the performance of their duties, it is a nondelegable duty of the master to furnish a sufficient number of servants to perform the work. If he fails to do so, and such failure is the proximate cause of the injury of one of the servants, the master is liable for such injury. In the Jefferson case the decision in the Bazor case was cited with approval. In the Bryant case the court held that a master was liable for coercing by threats an inexperienced youth to continue work in cold and rain. In the Bazor and Jefferson cases the court had before it and considered all the Mississippi cases cited and relied on by appellant in this case.

The principle in all of these cases is merely an extension of the fundamental doctrine requiring the master to provide his servant with safe instrumentalities and a safe place to work. Where the master commands the servant to do the work, coupled with the warning that if he does not do it he will be discharged, obedience by the servant is not voluntary, it is compulsory, and the overexertion causing the injury is compulsory overexertion. A servant is not free when disobedience of his master means the loss of his job. Appellant's foreman knew, or should have known, that it would be dangerous to the life and limb of appellee to lift and stack the packages without his cohelper, Bounds. It is as much the duty of the master to exercise reasonable care in providing the servant with reasonably safe means and methods of work, such as proper assistance in performing the task, as it is to furnish him a safe place and proper tools and appliances. ''The one is just as much a primary, absolute and nondelegable duty as the other.'' If appellee had voluntarily undertaken the job, the overexertion doctrine relied on by appellant would apply; the proximate cause of his injury would have been his own fault; appellant would have had no part in the cause of the injury.

There is no conflict between the Bryant, Bazor, Jefferson cases and Gulf & S. I. R. Co. v. Sullivan, 155 Miss. 1, 119 So. 501, 62 A. L. R. 191, and the other decisions of this court referred to by appellant. In the Sullivan case a master required the servant to be vaccinated against smallpox. The servant was a boy seventeen years of age with sufficient intelligence to understand and appreciate the consequences of vaccination. The master did no wrong in requiring the servant to be vaccinated; the presumption is he did right. The court held that the master was not liable for an injury resulting to the arm of the servant as the result of the vaccination.

Appellant complains of the action of the court in refusing three instructions requested by it. Appellant's request for these instructions was based mainly on the theory that the principles of law it relied on as justifying the claim of no liability were sound. However, without deciding whether the three instructions embodied correct principles of law, we unhesitatingly hold that their refusal was harmless to appellant, because it was granted other instructions embodying substantially the same principles. What has been said with reference to these three instructions is true of other instructions refused by the court. The other assignments of error, we think, are not of sufficient seriousness to call for a discussion.

Affirmed.

On Suggestion of Error.

**Ethridge, P. J.,** delivered the opinion of the court on suggestion of error.

The suggestion of error challenges the correctness of the statement in the opinion that the packages weighed more than two hundred pounds, probably more nearly two hundred fifty pounds, or, as one witness testified, three hundred pounds.

The witness, Bob Simmons, testified that the packages contained something like fifty-seven feet of lumber weighing about four pounds to the foot.

The plaintiff, Mitchell, testified that the lumber in the packages was not kiln dried, but air dried, and that, "when the hammer would hit the board, the juice would come out of it."

Mykleby, a witness for appellant, testified that the character of a crate or package, as set out in the bill of particulars, contained about eighty feet of lumber, which, if it weighed four pounds to the foot, would weigh something over three hundred pounds.

The appellant also challenges the statement in the opinion that in lifting the package the weight was such that "it caused one of appellee's feet to slip, and he was crushed to the floor, which resulted in a rupture to the abdomen." Appellant contends that the record shows that the rupture occurred first, and that as a result thereof the appellee gave way under the weight of the package and was crushed to the floor.

The appellee testified that when he attempted to shove the package up, his foot slipped, he fell, and the package fell across his legs, and that the reason his foot slipped was because the package was too heavy.

The suggestion of error also challenges the soundness of the legal principles announced in the former opinion.

After very careful and painstaking consideration, the former opinion was rendered, and we think there was no error committed.

Consequently, the suggestion of error will be overruled. Overruled.