RANDOLPH LUMBER CO. *v.* MINCHEW.

(Division B. March 11, 1935.)

[159 So. 849. No. 31564.]

536

**T. J. Wills**, of Hattiesburg, for appellant.

**Hathorn & Williams**, of Poplarville, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee brought this action in the circuit court of Pearl River county against appellant to recover damages for an injury received by him while in the service of appellant, and alleged to have been caused by appellant's negligence in furnishing him as such servant an unsafe place in which to perform his work. Appellee recovered a judgment in the sum of three thousand dollars. From that judgment, appellant prosecutes this appeal.

Appellant owned a sawmill plant at Kiln, in Hancock county. The plant had been permanently closed. In connection with the mill there was a trolley line something like a quarter of a mile long on an elevated trestle about thirty feet from the ground. The line consisted of two tracks of steel rails fastened together at the joints with angle bars; these bars were bolted with from four to six bolts. Appellant was having these steel rails removed and shipped away. Appellee was one of half a dozen or more of its servants engaged in that work. A hand car was used to convey the rails to a point where they were dumped off for loading and shipment on a railroad flat car. The hand car was five or six feet long. The crew in charge of the work took up the rails immediately behind it, loaded them on the car, pushed the car forward another rail, and then took up the rails behind and loaded them, and so on until some eighteen

or twenty rails were placed on the car, then the crew pushed it forward, some behind it and some on the sides, to the point of unloading. The rails were so heavy that it took from two to three persons to place one on the car. The car had been loaded in the manner stated, several of the crew were at the rear pushing it, appellee and others were on the sides pushing it, when the car ran off the track, causing it to lurch toward appellee with sufficient force to knock him off the ramp to the ground, about thirty feet below, which caused the injury for which he sued and recovered judgment. A loose joint, resulting from the lack of an angle bar, caused the derailment of the hand car.

The ground of negligence was the failure of appellant to furnish appellee a safe place to work. The evidence tended to show that the track ahead of the hand car was in bad repair, some of the angle bars were missing and some were loose, causing lips in the joints of the rails; and that these conditions made it dangerous to the crew in pushing the loaded car over the track. The evidence for appellee showed that appellant's foreman, Landrum, who was in charge of the work, was informed of the unsafe and dangerous condition of the track, and it showed further that it would have taken but little time and expense to have made the track safe.

Appellant's principal reliance for the reversal of the judgment was the refusal of its request for a directed verdict. Appellant contends that appellee knew of the risk and voluntarily assumed it, and, on the authority of Truly v. Lumber Co., 83 Miss. 430, 36 So. 4, and cases from other jurisdictions along the same line, that the fault was solely that of appellee, therefore appellant is not liable.

The Truly Case was decided in 1903, before the adoption of chapter 156, Laws of 1914, section 513, Code of 1930, abolishing the doctrine of assumption of risks by

employees when the master is negligent, except as to conductors and locomotive engineers in charge of dangerous and unsafe cars or engines voluntarily operated by them. See Goodyear Yellow Pine Co. v. Mitchell, 168 Miss. 152, 149 So. 792, 150 So. 810, construing and applying this statute.

Appellant contends further that the taking up and removing of the track was a dismantling process; that necessarily the place to work was made by the workmen themselves and was constantly changing as the work progressed; that, therefore, the master is not liable for the unsafety of the place. The trouble with that contention is that it is unsupported by the evidence. On the contrary, the evidence showed without conflict that the track in front of the car, over which it ran every time it was loaded, was not changing; the changes in the track were taking place to the rear of the car, that is, where the dismantling was being done.

We do not think the other assignments of error argued are of sufficient merit to call for a discussion.

Affirmed.