RODGERS, Justice:
Mrs. Patricia Santora, appellee, filed a suit in the Second Judicial District of Jones County, Mississippi, against appellant, Frank Martin, Jr., who was doing a mercantile business in Laurel, Mississippi, under the trade name of Gibson’s Discount Center. The appellee based her suit upon false imprisonment and slander. The trial court dismissed the suit for slander and submitted the claim of false imprisonment to the jury. It returned a verdict in favor of appellee in the sum of $10,000, and the court entered a judgment to accord therewith. The defendant, Frank Martin, Jr., has appealed to this Court, and complained, among other things, that the trial court committed reversible error in not sustaining his motion for a directed verdict in his favor.
These are the salient facts leading up to the litigation between the parties. The ap-pellee, Mrs. Patricia Santora, was employed by Gibson’s Discount Center as a cashier, but it was also her duty to take inventory and to perform duties about the store. During a weekend in October 1964, the manager of the store, James Harold Wallace, discovered that the store had been broken into by burglars. The following Monday morning, he met the employees outside the front door of the store and told them about the burglary, and suggested that they wait until the police made an investigation and searched for fingerprints before they touched anything. The appellee went to the ladies’ lounge and discovered some boxes under the lavatory. She moved the boxes and discovered that they were empty. She then went to the manager and told him what she had found, and informed him that she had touched the boxes. The manager notified the police. The officers took the boxes to police headquarters for examination, and they discovered legible fingerprints. The officers notified the manager that it would be necessary to obtain fingerprints of the lady who touched the boxes in order to determine whether or not the fingerprints on the boxes were the fingerprints of the lady who found them. The manager forgot to advise Mrs. Santora that the officers were coming to take her to headquarters to obtain her fingerprints. The officers went to Mrs. Santora and advised her that they wanted to take her fingerprints. Mrs. Santora testified that she did not know why they wanted to take her fingerprints, and that she told the officers that she did not want to go with them, and stated: “The policeman told me that they were ready for me, and I just didn’t know, I didn’t pay any attention to them, and I didn’t know who they were talking to, and I kept waiting on customers; Mr. Wallace told me, said ‘Pat’, said ‘you’d better go.’ I didn’t know what he was talking about, and I said ‘I’m not going any place’, and James said ‘yes’, said ‘You have to go have your fingerprints taken’, so I says ‘what for?’, he says ‘well’, he says ‘You just have to go’, and I told him, I said ‘I’m not going’, and even the customers I was waiting on were laughing, it was all supposed to be a big joke, and the police *65 man says, ‘Well we’ll be right back, and you have her ready’ * * * Mr. Wallace told me, he says ‘Don’t worry about it, if you’re in trouble and they prove that’s your fingerprints * * She further testified that the store manager told her “ ‘If you go to jail’, he says, ‘don’t worry’, he says, ‘we’ll get you a good lawyer and we’ll tell him that * * * you’re a fine person and we’ll send you everything that you need up there’, and he says ‘don’t worry’, he said ‘Skipper and I will be your witnesses for your character.’ ” She also testified: “I told him that I didn’t want to go and they kept insisting, that’s why I didn’t know they were even talking to me, and they kept insisting that I had to go, so I went, I took it for granted that I was under arrest, I had to go.” She testified that the store manager took her by the arm and went with her to the police car; that the police took her to the police headquarters and fingerprinted her, and immediately brought her back to the store where she worked until she was relieved. She testified that she became ill and was upset because she was taken to police headquarters. There is other testimony with reference to a letter she had her attorney write to the Mayor, but we do not deem it necessary to make it a part of this statement of facts, since all of the evidence with reference to the facts about the letter occurred after she claims that she was arrested. Ap-pellee claims that she thought she was under arrest. The store manager, the police and other witnesses testified that appellee agreed to go with the officers for the purpose of having her fingerprints taken.
Assuming, however, for the purpose of this opinion, that she did not want to go to the police headquarters, and accepting the entire testimony for the appellee as true, we are of the opinion that the testimony does not establish the false imprisonment charge made by her in her declaration.
It is essential to a cause of action for false imprisonment that there shall have been some detention or restraint of the person of the plaintiff. The mere visiting of a police station with officers to make a statement (Limbeck v. Gerry, 15 Misc. 663, 39 N.Y.S. 95 (1896)) or have fingerprints made so the officers may eliminate the fingerprints on an article of those persons who had the right to handle the articles, is not false imprisonment. This is true because there was no unlawful detention of the person of the plaintiff. Powell v. Moore, 252 Miss. 471, 174 So.2d 352 (1965).
In the case of Lester v. Albers Super Markets, 94 Ohio App. 313, 114 N.E.2d 529 (Ohio 1952), the Court quoted with approval 35 C.J.S. False Imprisonment § 11 at pp. 636, 637, as follows:
“On the other hand, submission to the mere verbal direction of another, unaccompanied by force or by threats of any character, cannot constitute a false imprisonment, and there is no false imprisonment where an employer interviewing an employee declines to terminate the interview if no force or threat of force is used, and false imprisonment may not be predicated on a person’s unfounded belief that he was restrained against his will.”
In order to constitute an unlawful imprisonment, where no force or violence is actually employed, the submission of the plaintiff must be to a reasonably apprehended force. The circumstances merely that one considers himself restrained in his person is not sufficient to constitute false imprisonment unless it is shown that there was a reasonable ground to have believed defendant would resort to force if plaintiff attempted to assert her right to freedom.
In addition to the overwhelming proof that the plaintiff was not forced to accompany the officers to police headquarters, we are of the opinion that the manager of the store had a perfect right to require an employee of the store to cooperate with police in an effort to apprehend persons who had burglarized the employer’s store by having her fingerprints taken. It is said *66 that “There is an implied agreement on the part of the employee in every contract of service that he will serve his employer honestly and faithfully. It is his duty to communicate to him all facts which he ought to know.” 39 C.J. Master and Servant § 159 (1925) at 122, 56 C.J.S. Master and Servant § 67.
It is pointed out by the textwriter in 35 Am.Jur. Master and Servant section 82 (1941) at 514 that:
“The law implies an agreement on the part of the servant or employee to faithfully serve and be regardful of the interest of his emloyer during the time of his service, carefully discharge his duty to the extent reasonably required by the relation of employer and employee, and to treat his employer with respect.”
The textwriter continues in section 83 at 514 and states that:
“In every contract of service it is implied that the employee shall obey the lawful rules, orders, and instructions of the employer — at least so far as they are reasonable and not merely arbitrary or capricious.”
In the case of Gulf & Ship Island Railroad Company v. Sullivan, 155 Miss. 1, 119 So. 501, 502, 62 A.L.R. 191 (1928), this Court held that to require an employee to assent to a vaccination in order to retain his job did not constitute duress within the meaning of the law, and certainly to require an employee to have his fingerprints taken did not constitute duress or force on which to base a suit for false imprisonment.
We are of the opinion that there is no cause of action against defendant, appellant here, shown by the testimony in this case, and for that reason the judgment of the trial court must be reversed and suit dismissed.
Reversed and suit dismissed.
GILLESPIE, P. J., and BRADY, PATTERSON and SMITH, JJ., concur.