GILLESPIE, Chief Justice:
Miller Oil Purchasing Company (plaintiff) sued the City of Vicksburg (defendant) for damages to plaintiff’s real property. From a judgment for the defendant, plaintiff appeals. We affirm.
Plaintiff charged in its declaration that it owned a tract of land in the City of Vicksburg fronting on the Mississippi River whereon it operated a bulk petroleum products distribution terminal consisting of many large storage tanks for petroleum products. Plaintiff charged that defendant in its proprietary function owned and operated a sewerage system for the City of Vicksburg, and sometime in the past it had constructed a large sewer line under and across plaintiff’s property through which sewage was discharged into the Mississippi River.
The declaration charged two acts of negligence on the part of defendant: (1) That defendant negligently failed to use reasonable care to maintain its sewer line across plaintiff’s property, and permitted the sewer line to develop large leaks which started severe erosion around said line to the extent that it settled and broke in many places, causing extensive erosion and land movement on plaintiff’s property; and (2) that defendant knowingly and negligently allowed said sewer line to remain unre-paired, resulting in vast quantities of water and sewage being emptied upon plaintiff’s property. It was charged that because of said acts of negligence sink holes, wash outs, fissures, extensive land slides, and soil subsidence occurred on plaintiff’s property, damaging its tank installations. In its answer, the defendant simply denied each paragraph of the declaration. No affirmative defenses were pleaded. The jury returned a verdict for the defendant.
The plaintiff assigns three errors; each raises the same basic question: Did the trial court err in admitting testimony, over plaintiff’s objection, to the effect that the breaks in the sewer line were caused by natural conditions?
The defendant’s witnesses, whose testimony plaintiff argues was improperly ad *364 mitted, were experts in geology and soil. Their testimony was to the effect that the unstable condition of the peculiar soil in the general vicinity caused fissures and landslides which broke the sewer line, and that the breaks in the sewer line did not cause the fissures and landslides as alleged by plaintiff.
The question whether this testimony was admissible absent an affirmative allegation in defendant’s answer brings into consideration the applicable statute, Mississippi Code 1972 Annotated section 11-7-59, which provides:
If the defendant desire [sic] to prove by way of defense in an action, any affirmative matter in avoidance, which by law may have been proved heretofore under special plea he shall set forth in his answer to the action such affirmative matter and incorporate such defense therein, otherwise such matter shall not be allowed to be proved at trial; and said answer shall fully set forth any special matter which the defendant intends to give in evidence in bar of the action;
Appellant relies on Yazoo & Miss. Valley R. R. Co. v. Grant, 86 Miss. 565, 38 So. 502 (1905), where the Court held that the statute is mandatory and must be strictly construed and that the opposite party must be distinctly informed of the precise ground of contest on which he is to be met by his adversary.
The statute requires the defendant to plead “any affirmative matter in avoidance.” A pleading by way of “avoidance” contemplates the introduction of new or special matter which, admitting the premises of the opposite party, repels his conclusion. Porter v. American Tobacco Co., 140 App.Div. 871, 125 N.Y.S. 710 (1910). The statute requires the defendant to plead affirmatively only if some new fact or circumstance is to be shown which avoids, annuls, or destroys the efficacy of the allegations of the declaration. This implies acknowledging the existence of a prima facie cause of action absent the new affirmative matter in avoidance. The defendant is not required to plead affirmatively that he will introduce evidence which shows the falsity of the plaintiff’s allegations. That would in effect require the defendant to plead his evidence. A defendant who enters a general denial without pleading affirmative matter is not limited to the introduction of negative evidence denying the plaintiff’s allegations. Defendant may, without an affirmative plea, offer evidence which, if found to be true, proves the nonexistence of the facts relied upon by the plaintiff to establish his case. Saenger Amusement Company v. Murray, 128 Miss. 782, 91 So. 459 (1922).
We conclude that the Court properly admitted the evidence in question.
Affirmed.
SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.