601 So.2d 398 (1992)
ASSOCIATES COMMERCIAL CORPORATION
v.
PARKER USED TRUCKS, INC. and J.R. Parker.
No. 89-CA-0882.
Supreme Court of Mississippi.
June 3, 1992.
*399 John S. Hill, Mitchell McNutt LaGrone & Sams, Tupelo, for appellant.
Gary L. Carnathan, Carnathan & Malski, Tupelo, for appellees.
Before HAWKINS, P.J., and PRATHER and McRAE, JJ.
PRATHER, Justice, for the Court:

I. INTRODUCTION
This action arose from a dispute concerning two documents: (1) a conditional or retail sales installment contract with full recourse  assigned by Parker Used Trucks, Inc. to Associates Commercial Corporation, and (2) a guaranty executed by J.R. Parker  personally guaranteeing any existing or future indebtedness of Parker Used Trucks. The primary issue addressed on appeal is whether the assignee made a sufficient or timely demand on the assignor for the repurchase of the installment contract. This Court concludes that a four-year delay in making the requisite demand was untimely and prejudicial to the assignor's interests in receiving a timely demand. This Court therefore affirms the judgment of the circuit court judge.

A. The Facts

1. Pre-Trial
In September 1980, Herschel Wilson purchased a truck from Parker Used Trucks ("Parker Trucks") in Tupelo for $45,421.08. Wilson paid $6,000 down and financed the balance via a conditional or retail sales installment contract. On the same day, Parker Trucks assigned the contract  together with a "recourse agreement"  to Associates Commercial Corporation ("ACC"), a foreign corporation doing business in Mississippi. Pursuant to this "recourse agreement":
If Buyer fails to pay any payment on the Documents when due, or if Buyer is otherwise in default under the terms of the Documents, or if Buyer or Assignor becomes insolvent or makes an assignment for the benefit of creditors, if a petition for a receiver or in bankruptcy is filed by or against Buyer or Assignor, then in any of such events Assignor will, without requiring Assignee to proceed against Buyer or any other person or any security, repurchase the documents on demand and pay Assignee in cash the balance remaining unpaid thereunder plus any expenses of collection, repossession, transportation and storage, and reasonable attorneys' fees and court costs incurred by Assignee, less any customary refund by Assignee of unearned finance charges. The terms and provisions of Seller's Assignment above are incorporated herein by reference.
In other words, in the event of a default by Wilson, Parker Trucks would on demand *400 repurchase the contract and pay the balance due plus expenses.
In September 1981, Wilson defaulted. ACC repossessed the truck and sold it at auction for $16,000. Approximately four years after Wilson defaulted, ACC decided to make a "demand" on Parker Trucks for the "repurchase" of the installment contract and payment "in cash [of] the balance remaining unpaid thereunder plus ... expenses."[1] Specifically, ACC demanded: (1) $16,515.15 for the repurchase of the contract and the unpaid balance, and (2) $21,661.40 for attorney's fees.
When Parker failed or refused to satisfy ACC's demand, ACC filed a complaint in November 1986 in the Lee County Circuit Court. ACC sought to recover the $38,176.55 (i.e., $16,515.15 + $21,661.40) under the recourse agreement or under a separate "continuing guaranty." Through this guaranty  which was executed in August 1979  J.R. Parker, president of Parker Trucks, personally guaranteed the existing or future indebtedness of Parker Trucks.[2] Basically, Parker Trucks answered ACC's complaint with general denials of the allegations.

2. Trial
In August 1988, Judge Thomas J. Gardner held a nonjury trial  at which time Parker Trucks articulated its theory of defense: (1) The recourse agreement provides that, if Wilson defaults, Parker Trucks would on demand repurchase the installment contract and pay the balance and expenses; (2) Wilson defaulted, however, ACC did not make a demand on Parker Trucks until four years later  after ACC had repossessed the truck and sold it at auction; (3) ACC obviously did not make the demand in a timely manner; and (4) ACC's untimely demand violated the recourse agreement's inherent requirement of timeliness and, thus, prejudiced Parker Trucks' interests. Parker Trucks explained the interests which ACC prejudiced when it failed to make a timely demand:
The purpose for making a reasonable timely demand is to alert the assignor with recourse that the buyer is not performing as agreed. With reasonable timely demand, the assignor with recourse can immediately pay the debt which has become due or redeem the property from foreclosure sale and proceed against the buyer under his general right of subrogation. Otherwise, without a reasonable timely demand, expenses and interest continue to mount and the buyer's financial position may become increasingly poor so the right of subrogation nets either nothing or substantially less than he would have obtained with a reasonable timely demand.
Moreover, accepting the argument that satisfactory demand was made with the complaint abrogates the debtor's right to redeem the collateral pursuant to Miss. Code Ann. § 75-9-506.
Pursuant to § 75-9-506:
At any time before the secured party has disposed of collateral or entered into a contract for its disposition under Section 9-504 [§ 75-9-504] or before the obligation has been discharged under Section 9-505(2) [§ 75-9-505(2)] the debtor or any other secured party may after default redeem the collateral by tendering fulfillment of all obligations secured by the collateral then due or past due (excluding any sums that would not then be due except for an acceleration provision) as well as the expenses reasonably incurred by the secured party in retaking, holding and preparing the collateral for disposition, in arranging for the sale, and to the extent provided in the agreement and not prohibited by law, his reasonable attorneys' fees and legal expenses.
Parker Trucks concluded that ACC's violation of the recourse agreement relieved it of any liability under the recourse agreement. J.R. Parker also concluded that *401 ACC's violation relieved it of any liability under the guaranty:
[U]nder the guaranty agreement, J.R. Parker agreed to pay the indebtedness of Parker Trucks, provided [Parker Trucks] was in default and demand was made upon J.R. Parker to do so.
[D]ue to the failure of [ACC] to make demand upon Parker Trucks, that it was not in default under the recourse agreement and thereby J.R. Parker's liability under the guaranty has not accrued.
Upon completion of the trial, Judge Gardner issued his "Findings of Fact and Conclusions of Law":
During [ACC's] case in chief it admitted that it never gave notice to or made demand upon the assignor, Parker Trucks... . If no demand has been made it necessarily follows that the assignor is not in default. Since the Court has determined that Parker Trucks ... was not in default, it is not necessary to address the issues of notice and commercial reasonableness under the Uniform Commercial Code and attorney's fees. It is perhaps unnecessary to address the issue of the guaranty and the remaining issue of pleading affirmative matter but the Court feels that it is incumbent for it to do so.
[ACC] amended its complaint to name J.R. Parker, individually, ... for his breach of a continuing guaranty wherein he personally guaranteed the existing or future indebtedness of the principal debtor, being [Parker Trucks]. The Court is of the opinion that the guaranty in this case is conditional in that the guarantor's liability is fixed only upon the default of the principal debtor. Brent v. National Bank of Commerce, 258 So.2d 430 (Miss. 1972). As with general contracts, the Court must strickly [sic] construe an unambiguous guaranty and cannot extend it beyond its precise terms. American Oil Company v. Estate of W.E. Wrigley, et al., 251 Miss. 275, 169 So.2d 454 (1964).
Again during [ACC's] case in chief it readily admitted that it never gave notice to or made demand upon the principal debtor, [Parker Trucks]. Therefore, the Court is of the opinion that the principal debtor, [Parker Trucks] is not in default under the guaranty and accordingly the liability of the guarantor, J.R. Parker has not accrued.
Rec. Vol. I, at 41-43.

B. The Issues
ACC appealed and presented three issues for analysis:
1. Did the circuit court err in ruling that adequate demand was not made by the plaintiff on the corporate defendant (Parker Used Trucks, Inc.) to repurchase the Conditional Sale Contract and that this purported failure bars the plaintiff's claims for recovery in this action against both defendants?
2. Did the circuit court err in failing to rule that the Continuing Guaranty agreement executed by J.R. Parker individually was valid and binding on J.R. Parker regardless of actions taken by the plaintiff against the corporate defendant? and
3. Did the circuit court err in ruling that the defendants' defense asserted at trial that they were relieved of all liability in the premises because of the plaintiff's alleged failure to meet a condition precedent of the Conditional Sale Contract was not an affirmative defense required to be pled affirmatively by M.R.C.P. 8(c)?

II. ANALYSIS

A. Issue # 1

1.
The gist of ACC's contention under Issue # 1 is that its demand on Parker Trucks four years after Wilson defaulted should be deemed sufficient under the terms of the recourse agreement. ACC explains that its belated demand should be deemed sufficient simply because the agreement neither requires nor specifies a "time" when the demand should be made.
Parker Trucks' contention is essentially identical to both: (1) the theory of defense which it articulated at trial, and (2) the *402 judge's "Findings of Fact and Conclusions of Law." In short, Parker Trucks contends that ACC's four-year delay in making a demand should be deemed unreasonable and therefore untimely as a matter of law and equity.

2.
ACC's contention is unpersuasive. The recourse agreement provides that Parker Trucks will repurchase the contract and pay the remaining balance and expenses "on demand"  albeit the agreement fails to specify a time limit for making a demand. This Court long ago instructed that, in cases in which the contract fails to specify a time for performance or for asserting one's contractual right, the performance or assertion generally must occur within a "reasonable time":
This rule, resting as it does upon sound policy, should never be departed from, merely to relieve against the hardship of a particular case. The law exacts a certain degree of diligence in the assertion of rights; and it has now almost ripened into a maxim, that rights not asserted within a reasonable time, are treated as abandoned, or as surrendered to the opposing party.
Magee v. Catching, 33 Miss. 672, 694 (1857). This prudent rule of "reasonableness of time" has, not surprisingly, endured to date. See, e.g., Deer Creek Constr. Co. v. Peterson, 412 So.2d 1169, 1172 (Miss. 1982).
In sum, the unique facts and circumstances of this case lead to the unequivocal conclusion that, as a matter of law and equity, four years is simply too dilatory to be deemed a reasonable time within which to demand satisfaction of a contractual right of recourse. This Court therefore affirms on this issue.

B. Issue # 2

1.
Through this issue, ACC contends that, "[e]ven if demand for repurchase of the contract was not [timely] made on [Parker Trucks], this does not relieve [J.R.] Parker of individual liability pursuant to express terms and conditions of the ... guaranty." Appellant's Brief at 6.
J.R. Parker and Parker Trucks' contention is essentially identical to both: (1) the theory of defense which it articulated at trial, and (2) the judge's "Findings of Fact and Conclusions of Law." In short, J.R. Parker contends that, because he is not indebted to ACC under the recourse agreement, liability under the guaranty never accrued.

2.
This Court's decision in Brent v. National Bank of Commerce of Columbus, 258 So.2d 430, 434 (Miss. 1972), is instructive:
[A] guaranty contract possesses the following characteristics: (1) A guarantor is secondarily liable to the creditor on his contract and his liability is fixed only by the happening of the prescribed conditions at a time after the contract itself is made; (2) the contract of a guarantor is separate and distinct from that of his principal, and his liability arises solely from his own contract, although its accrual depends on the breach or performance of a prior or collateral contract by the principal therein; (3) a guarantor enters into a cumulative collateral engagement, by which he agrees that the principal is able to and will perform a contract which he has made or is about to make, and that if he defaults the guarantor will, on being notified, pay the resulting damages  i.e., a guarantor is an insurer of the ability or solvency of the principal, although this characteristic is not present in an absolute guaranty or a guaranty of payment, but only in a conditional guaranty or a guaranty of collection; and (4) except where the guaranty is absolute, generally the guarantor is entitled to notice of the default of the principal.
Applying the law of Brent to the case sub judice, J.R. Parker's liability under the guaranty was "fixed only by the happening of the prescribed conditions." The phrase  "prescribed conditions"  refers in this case to Parker Trucks' indebtedness to ACC. Parker Trucks is not indebted to ACC under the recourse agreement because *403 ACC failed to assert its contractual rights by making a timely demand; therefore, the "prescribed conditions" (indebtedness to ACC under the agreement) never "happened"  leaving ACC without any right to seek relief under the guaranty.
In sum, this Court affirms on Issue # 2.

C. Issue # 3

1.
Finally, ACC contends through this last issue that Parker Trucks' failure to articulate its theory of defense in its answer to the complaint constituted a waiver. Restated, Parker Trucks failed to plead the timeliness issue as an affirmative defense; "affirmative defenses not pled are deemed waived." Appellant's Brief at 6.
Parker Trucks counters that its answer to ACC's complaint was sufficient as a matter of law. Parker Trucks explains that it expressly "denied" ACC's allegation that it (ACC) had made a "demand" for the repurchase of the contract and payment of the balance and expenses.
Judge Gardner found in favor of Parker Trucks after concluding that "a defense based on the nonperformance of a condition precedent does not qualify as an affirmative defense and therefore need not be pled by the Defendant."

2.
This Court has perused the relevant portions of the record and concludes that Parker Trucks' answer to ACC's complaint was quite sufficient. See Miller Oil Purchasing Co. v. City of Vicksburg, 305 So.2d 362, 364 (Miss. 1974) ("The defendant is not required to plead affirmatively that he will introduce evidence which shows the falsity of the plaintiff's allegations.").
In sum, this Court affirms on this issue.

III. CONCLUSION
For the foregoing reasons, this Court affirms.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
NOTES
[1] ACC supposedly made this "demand" via letter dated March 19, 1985. J.R. Parker and Parker Trucks both deny receiving this letter.
[2] Unless otherwise noted, J.R. Parker and Parker Trucks will be referred to collectively as Parker Trucks.