SAMUEL A. KENT *v.* YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY.

1. RAILROADS. *Defective appliance. Injury to employe.*

> A railroad employe is not entitled to recover for injuries resulting from a defect in a tool used by him in the customary manner, when the same, which was a new one, was of the kind in general use by railroads, and had been procured of a reputable manufacturer, and, before being given out for use, had been inspected and approved as sound by the proper railroad supervisor, and was also regarded as sound by the employe himself, a man experienced in the use of such tools.

2. SAME. *Opinion. Evidence.*

> Testimony that an examination of an appliance after the same had broken led the witness to believe that it was made of defective material is inadmissible.

3. SAME. *Safest appliances.*

> A railroad company is not negligent in failing to employ the safest known appliances.

FROM the circuit court, second district, of Coahoma county. HON. F. A. MONTGOMERY, Judge.

The opinion states the case.

*Cook & Alcorn,* for the appellant.

Appellant offered to prove by the witness, Palmer, an expert and practical railroad section foreman, that the tool furnished appellant was dangerous; that it was not a modern or approved tool; that there was a modern and safe tool now used for this purpose, a saw; that witness, while in the service of this company, called their attention to this dangerous tool, and endeavored to induce them to adopt the saw which was efficient and safe; that the company refused to adopt the safe and sufficient appliance, and continued the use of the defective, in-

efficient and dangerous chisel. All of this evidence was excluded.

This witness, who had qualified as an expert, was then asked to examine the identical tool used by appellant, and state whether or not, in his opinion, the tool was dangerous or safe. This evidence was also excluded. In order to show that the tool was in the same condition that it was when the injury occurred, appellant was recalled, and testified that he had kept the tool in his trunk ever since the injury. Again witness, Palmer, was asked for his opinion as to the safety and efficiency of the tool. He was not permitted to testify.

Then witness, Johnson, was introduced to prove that he had eighteen years experience in working steel and iron into tools; that he had examined the chisel furnished appellant; that he knew the metal in this tool was rotten and defective, and unfit for use in tools of this character. Defendant below objected to all the testimony of this witness, assigning several reasons for the objection, and the learned circuit judge sustained the objection, and excluded the entire testimony of this witness.

We think that both of these witnesses should have been permitted to testify, and ask for a direct ruling upon the pertinency of this evidence. *White* v. *Louisville, etc., Ry. Co.,* 72 Miss., 12; *Isbell* v. *Illinois, etc., R. R. Co.,* 25 So. Rep., 1037; *Cleveland* v. *Illinois, etc., R. R. Co.* 25 So. Rep., 1037, all Mississippi cases.

Referring to the language employed by this court in the case of *White* v. *Louisville, ets., Ry. Co.,* 72 Miss., 12, viz., "The law is imperative in demanding that railroad companies shall furnish its employes engaged in the hazardous work of coupling cars, safe and sufficient appliances," we desire to call the attention of the court to a case decided by the supreme court of Missouri, which we submit is upon all fours with the case at bar: *Johnson* v. *Missouri Pacific Railroad Co.,* 9 Am. St. Rep., 351.

*Mayes & Harris,* for the appellee.

We concede that the cold chisel was a defective tool, as a matter of fact, but that does not strengthen the plaintiff's case, because it is settled that a railroad company is not responsible for latent defects in the tools and appliances furnished to its servants which could not be discovered by ordinary inspection.

The testimony is that the tool in question was perfectly new; that it had never been used; was bought from a reliable house, and furnished to the plaintiff, who had used many cold chisels, and knew all about them, and he could not discover any defect in the chisel himself. This should be an end to the controversy, and we consider that the court was entirely right in excluding testimony of witnesses, after the accident, to testify that this was a defective tool, who knew nothing about it, and had never seen it until it was presented to them in its broken condition.

A railroad company is only held to reasonable diligence in regard to matters of this kind. It is well settled that a railroad company is not an insurer of its employes against injury from appliances which are put in their hands. Its duty is discharged when it has used the proper diligence in procuring tools and implements from houses and dealers of established reputation, and subjected them to a reasonable test. Elliott on Railroads, pp. 2012, 2011; Bailey on Personal Injuries, pp. 15, 19, 21, 23, 26.

It was the duty of plaintiff to inspect tools, and he admits it in his testimony. He testified also that the tool furnished him was new, and that no defect was apparent to him.

The tool appeared safe to the supervisor who sent it to the plaintiff; the plaintiff examined it and pronounced it safe and free from defects, and gave it to the man under him to use. None of these men were hurt with it, but by some mistake or some mischance, after the tool had been used for some time, a piece of it chipped off the point, a thing likely to occur with any tool, and struck the plaintiff in the eye, unfortunately.

The evidence shows that there was nothing whatever to put

the company upon notice that this tool was defective. It devolved upon the plaintiff to show not only the insufficiency of the tool, but also it devolved upon him to show either that the railroad company had notice of the defects or imperfections, or insufficiencies complained of, or that by the exercise of reasonable and ordinary care and diligence it might have obtained such notice. See *Railroad Co.* v. *Wagner,* 33 Kan., 660; *Railroad Co.* v. *Harper,* 44 Ark., 524; *Railroad Co.* v. *Gaines,* 46 Ark., 555; *Railroad Co.* v. *Rice,* 51 Ark., 467, s.c. 4 L. R. A., 173; *Brymer* v. *So. Pac. Railroad Co.,* 90 Cal., 496; *Col. Railroad Co.* v. *Ogden,* 3 Col., 449.

It has been decided in this state, in the case of *Hatter* v. *Railroad Co.,* 69 Miss., 642, that a railroad is not required to furnish the safest appliances to protect employes against injury, and this is the universal rule, because railroad companies are not made insurers, and all they are required to do is to use reasonable care.

Argued orally by *J. B. Harris,* for appellee.

TERRAL, J., delivered the opinion of the court.

Kent, the plaintiff, a section foreman of the defendant company, was furnished by the company with a cold chisel for cutting steel rails when necessary, and while some laborers were engaged in that work under his supervision, a fragment of the chisel was shivered from it, which hit the plaintiff in the eye, and after great pain and suffering by him caused its loss.

The chisel was made by a reputable foundry, and was furnished to the plaintiff by the supervisor of the railroad company, who, upon inspection of it before sending it out, considered it good and sound; the plaintiff, of many years experience in the use of cold chisels, also adjudged it to be good and sound so far as he could tell. The evidence showed that the cold chisel was the customary tool of the defendant company for cutting iron and steel rails, and that it was the usual

implement of other railroad companies in this country for that purpose.

The plaintiff offered to prove by one Palmer, of twenty years experience in the track department of railroads, and by Johnson, a blacksmith of eighteen years experience, who had examined the chisel after the accident, that the chisel was defective and dangerous; and further offered to prove by Palmer that the more modern appliance for cutting steel rails is a saw, which is not dangerous, and that it is especially used in foreign countries, which offered evidence was excluded by the court. And the court also directed a verdict for the defendant.

The proposed evidence of the witnesses, Palmer and Johnson, giving their opinion of the defect in the chisel, from an inspection of it made after it was broken, was impertinent; and the rule of law that railroad companies are not bound to furnish the safest appliances, justified the court in excluding the evidence of Palmer that a saw is a safer tool for the cutting of steel rails.

The ruling of the court that the plaintiff had not made out a case by his evidence is supported by all the authorities that have fallen under notice, and especially by *Railroad Co.* v. *Elliott,* 149 U. S., 266, 271; 2 Bailey on Per. Injs., sec. 2639; *Railway Co.* v. *Toy,* 33 A. R., 57, s.c. 91 Ill., 474; 3 Elliott on Railroads, sec. 1278.