Gulf, M. & N. R. Co. *v.* Nutt.

[81 South. 642, Division A, No. 20711.]

Master and Servant. *Injury to section hand. Number of men required to work.*

A railroad section foreman was not negligent in directing two section hands to carry a cross tie weighing one hundred pounds for thirty or forty feet and place it upon a stack of cross ties higher than a man's head.

Appeal from the circuit court of Tippah county. Hon. J. D. Bates, Judge.

Suit by .C. C. Nutt against the Gulf, Mobile & Nathen Railroad Company. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*J. N. Flowers* and *J. T. Brown,* for appellant.

*Thomas E. Pegram* and *J. L. Bates,* for appellee.

Smith, C. J., delivered the opinion of the court.

This is an appeal from a judgment for one hundred and fifty dollars awarded the appellee in the court below for an injury alleged to have been sustained by him while employed by the appellant and because of its negligence.

On the occasion in question the section crew, of which appellee was a member, was ordered by their foreman to gather up a lot of cross-ties which had been placed near the appellant's railroad track, carry them a distance of thirty or forty feet, and place them in one stack. The appellee testified that at the time of his alleged injury he had been employed by the appellant nearly two months, during which time, whenever he

assisted in stacking cross-ties, three men were assigned to each tie, but it does not appear from the evidence how frequently he had assisted in that work. The cross-ties were of pine, the dimensions of each were six inches by eight inches by eight feet, and each weighed one hundred pounds. He further stated that after directing that the cross-ties be placed in one stack the foreman left the men and did not return until after he, the appellee, was injured; that at the time of his injury the stack "was higher than a man's head" which "was higher than was customary," but how much higher he did not say; that in placing a tie on the stack the men handling it "would give three swings, and then turn it loose, which would put it on top of the stack." The manner of his injury was described by him as follows:

"On the third swing, as we were placing the tie on the stack, I just turned it loose, and must have strained myself some way, and it was just as if something had torn from my back and I dropped to my knees."

The contentions of the appellee are: First, that the appellant's foreman was negligent in directing that the ties be handled by two men only; and, second, by directing that they be placed in one stack, in neither of which is there any merit, for it does not appear that two men could not easily carry a one hundred-pound tie thirty to forty feet and place it on a stack "higher than a man's head;" consequently the peremptory instruction requested by the appellant should have been given.

Reversed and judgment here for appellant.

*Reversed.*