MŎRGAN HILL PAVING CO. *v.* MORRIS.

(Division A.    March 30, 1931.)

[133 So. 229.    No. 29259.]

**J. A. Cunningham,** of Booneville, for appellant.

**Friday & Windham,** of Booneville, for appellee.

Cook, J., delivered the opinion of the court.

The appellee, Ervin Morris, instituted this suit in the circuit court of Prentiss county, Mississippi, against appellant, the Morgan Hill Paving Company, seeking to recover damages for personal injuries alleged to have been sustained by him as a result of negligence of the appellant in failing to furnish him a reasonably safe place to work, and provide him with reasonably safe, proper, and suitable tools and appliances with which to do work which he was employed to perform for the appellant. To the declaration filed by the appellee, the appellant interposed a plea of the general issue, and gave notice thereunder that it would offer evidence to prove that the appellee was an independent contractor, and that the tool he was using at the time he received his injury was a simple tool, and consequently it was not liable for any injury resulting from the use thereof. Upon the proof offered the court refused to submit to the jury, as an issue of fact, the question of whether or not the appellant had furnished the appellee a safe place to work, but submitted the issue as to whether or not it had furnished him reasonably safe and suitable tools with which to work. Upon this issue the jury found in favor of the appellee, and fixed the amount of his damages at two thousand dollars; and from the judgment entered in pursuance of this verdict, the Morgan Hill Paving Company prosecuted an appeal; while the appellee prosecuted a cross-appeal, assigning as error the refusal of the court to submit to the jury the question of whether or not the appellant negligently failed to furnish the appellee a safe place to work.

The proof offered by the appellee was, in substance, as follows: The appellant was engaged in paving certain streets in the town of Booneville, and had in its employ a number of laborers, including the appellee. The material used in paving these streets was a lime-asphalt

mixture, which was shipped into the town of Booneville in open railroad cars, and placed on a side track for unloading. After the appellee had been employed in this paving work for about two months, at a wage of twenty-five cents per hour, he entered into a contract with the appellant to unload the asphalt from the railroad cars, for which he was to be paid at the rate of ten cents per ton. Under this contract the appellee was to furnish his own labor, and unload the asphalt for the sum of ten cents per ton, and in doing this work he used tools belonging to the appellant. When he was not engaged in unloading cars, he returned to his work as a day laborer on the streets. The appellant reserved the right to unload any cars that the appellee was unable to unload before demurrage accured thereon. After the appellee had been engaged for about four months in unloading these cars as they arrived, a number of cars arrived in one lot or shipment, and he was directed to unload them as quickly as possible. He thereupon employed two assistants, and on the following morning, at about seven o'clock, he and these assistants went to the cars to begin work. It was a very cold morning, and the asphalt mixture was frozen to a depth of several inches. The appellee testified that he went to the nearby toolhouse to secure tools to work with; that he looked for picks, but found none, and secured crossbars and shovels. He further testified that the asphalt was piled in the cars so that it was higher in the middle than near the edges; that he climbed on a car, and began work with a crowbar; that when the frozen asphalt began to melt, it became slippery; that he was using the crowbar as a lever to prize the asphalt loose, and while he was pressing down on the crowbar in an effort to do so, a large piece thereof unexpectedly broke loose and caused him to slip, and fall from the car to the ground. This fall resulted in very serious injury to the appellee. The appellee and one witness testified that for the purpose of

breaking up this asphalt a pick was a safer tool than a crowbar. The appellant's foreman testified that both crowbars and picks were used in this work, and that he was unable to say which was the safer tool for that purpose.

The appellant first contends that the appellee was an independent contractor, and that no relation of master and servant existed between the appellant and the appellee; but in view of the conclusion we have reached upon other assignments of error, it will be unnecessary to decide that question, and we have not set forth in particular detail the evidence bearing on it.

Conceding, for the purpose of this decision, that the relation of master and servant existed between the appellant and appellee, we do not think the proof is sufficient to sustain a finding that the appellant was guilty of any actionable negligence. The appellee was employed to unload the cars which were loaded and delivered to the appellant by the railroad company. The appellee was experienced in this work, and the proof fails to show any negligent failure on the part of the appellant to furnish him a reasonably safe place to work; and the court below committed no error in refusing to submit that issue to the jury.

The appellant next contends that there can be no liability against the appellant for a failure to furnish proper and suitable tools, for the reason that the tools furnished were simple tools, for a defect in which the master is not liable. It it not the theory of the appellee that there is any liability on account of any defect in the simple tools furnished to appellee by the appellant; but that the tools that were furnished were not proper and suitable for the performance of the work required of the appellee. The proof, however, does not show that a crowbar was not a reasonably safe and suitable tool for the work. The only evidence upon the point is to the effect that, under the conditions existing at the time of

the injury, a pick would have been a safer tool. The master must use ordinary care such as men of ordinary prudence employ, in furnishing his servant or employee with tools and appliances suitable for the performance of the service required of him; but he is not bound to furnish his employee with the safest tools and appliances obtainable. Howd v. Miss. Cent. R. Co., 50 Miss. 178; Kent v. Y. & M. V. R. Co., 77 Miss. 494, 27 So. 620, 78 Am. St. Rep. 534. In the absence of proof from which the jury could find that the appellant was negligent in failing to furnish reasonably safe and suitable tools for the performance of the work required of the appellee, the dangers incident to the performance of the work were the ordinary risks assumed by him; and, consequently, we think the peremptory instruction requested by the appellant should have been given. The judgment of the court below will therefore be affirmed on cross-appeal and reversed on direct appeal, and judgment will be entered here in favor of the appellant.

Affirmed in part and reversed in part.