JEFFERSON *v.* DENKMANN LUMBER CO.

(Division A.   May 1, 1933.)

[148 So. 237.   No. 30482.]

Hathorn & Williams, of Poplarville, for appellant.

Brady, Dean & Hobbs, of Brookhaven, for appellee.

McGowen, J., delivered the opinion of the court.

Appellant, Willie Jefferson, sued the Denkmann Lumber Company, appellee, for personal injuries sustained by his carrying, with the assistance of other laborers, two heavy steel rails, one of which, as alleged in the declaration, due to its heavy weight, the insufficient number of men carrying it, and the lack of necessary appliances for doing the work, causing one of the men supporting the rail to stumble, and thereby letting it fall on the right leg of appellee and injuring him. An issue was made in the lower court resulting in a verdict by the jury for the appellee, and appeal is prosecuted here.

The declaration counted upon two distinct theories of negligence: First, that the appellee lumber company failed to discharge its nondelegable duty to use reasonable care to furnish a sufficient number of employees to carry the steel rail which Jefferson, with the other employees, was required to carry on the occasion of the

injury; and, second, that appellee lumber company failed to discharge its nondelegable duty in not furnishing steel rods with clamps or tongs thereon, commonly called "dogs," the appliances used for carrying heavy steel rails.

The evidence and the instructions of the court were based pro and con on the two allegations; and there was evidence, if believed by the jury, which would have warranted it in finding a verdict for the appellant. In short, the evidence was that the Denkmann Lumber Company furnished only four men with which to carry six-hundred-pound steel rails by hand, when reasonable care and prudence required the use of more than four men for such service; and, alternatively, it was shown by the plaintiff, Jefferson, by evidence, that the use of tongs or "dogs" was the reasonable and prudent way to have steel rails carried, the tongs being a metal appliance which clamped the rail and permitted those engaged in the work to stand a foot or two from the rail and walk straight forward, while if carried by hand, the lifter had to walk sideways holding the rail itself in his hand; and if one of the lifters stumbled, it would throw an additional load on the others.

There was evidence for the appellee showing that four men were ample to discharge the particular duty, and that in the opinion of the witnesses, the carrying by hand of the steel rails, without the use of tongs, was a safer and better way.

We shall not set forth the evidence in detail, as the case must be reversed for another trial.

The two issues were presented to the jury for both sides by instructions setting forth the two theories. However, the court granted the following instruction in behalf of the appellee: "The court instructs the jury for the defendant that the Lumber Company is not required under the law to furnish its employees with the newest, best and safest appliances for the work required of them, and that if the jury believe from the evidence that de-

fendant's section foreman required the steel rail to be carried in accordance with the general practice and usage of businesses of the same kind, under similar conditions, *then plaintiff cannot recover,* and the jury *should* return a verdict in favor of the defendant although they may further believe that some other way would have been a safer and better way or some other appliance would have been a safer and better appliance with which to carry the rail." (Italics ours.)

The rule applicable to this case where employees are required to act in concert in the performance of their duties is quite well settled and was last announced in the case of Natural Gas Engineering Corporation v. Bazor (Miss.), 137 So. 788 (not reported in State Report), in this language: "Where a master employs servants to act in concert in the performance of their duties, it is the nondelegable duty of the master to furnish a sufficient number of servants to perform the duties required of them; and if he fails so to do, and such failure is the proximate cause of the injury of one of the servants, the master is liable for such injury."

The instruction set forth above must be based upon the following evidence of the witness Adams, offered in behalf of appellee:

"Q. Do you know anything about the handling of rails and the different methods used by men in replacing rails? A. They grab a hold with their hands mostly.

"Q. State whether or not that is safe? A. Safer than tongs, yes, sir.

"Q. Why, Mr. Adams? A. You could break the rivet out of a tong.

"Q. I want to ask you if that is the usual and customary way to handle rails? A. That's the usual and customary way."

This evidence, it will be seen, is very unsatisfactory as to the custom in such work, but was not disputed, nor objected to, in the record. Therefore, the jury were, in effect, told that if they believed this bit of evidence, then

the plaintiff, the appellant, could not recover, and it would be the duty of the jury to return a verdict in favor of the defendant.

In the case of Cotton Mill Products Co. v. Oliver, 153 Miss. 362, 121 So. 111, this court said that the evidence of a custom obtaining in other businesses of like kind was competent but not conclusive. The instruction, in our opinion, from this bit of evidence was conclusive upon the jury, and the question of negligence vel non in the particular case was by the court eliminated from the minds of the jury.

Although not cited by appellée in his brief, we have considered the cases of Jones v. Y. & M. V. R. R. Co., 90 Miss. 547, 43 So. 813; Kent v. Y. & M. V. R. R. Co., 77 Miss. 494, 27 So. 620, 78 Am. St. Rep. 534; Hatter v. I. C. R. R. Co., 69 Miss. 642, 13 So. 827, and we are of opinion that these cases do not in the least militate against the conclusion we have reached in the case at bar. We are further of the opinion that it was not sufficient for the appellee to rest his case upon the fact that other businesses of like kind were accustomed to having rails carried under the same conditions, as was done in this case; but in order to render this evidence satisfactory to any ordinary mind, the evidence and instructions should have been qualified so that the true principle announced would be that the general practice and usage in that which a reasonably prudent person would ordinarily use or do in a like situation. This was omitted from the instruction. In other words, this evidence applied to the above instruction told the jury that if other people were negligent and careless and failed to discharge a nondelegable duty by not doing a particular thing, even though it was done negligently, and without regard to the servant's rights, the negligent act of a number of masters would relieve the particular master from his nondelegable duty. That others are negligent does not relieve the individual brought into court for his negligence or failure to discharge a duty which he cannot delegate.

In the case of C., M. & St. P. Railroad Company v. Moore, 92 C. C. A. 357, 166 Fed. 663, 668, 23 L. R. A. (N. S.) 962, Judge VAN DEVANTER, speaking for the circuit court of appeals of the United States in the district of Minnesota, among other things, said: ". . . The ultimate and controlling test of the exercise of reasonable care is, not what has been the practice of others in like situations, but what a reasonably prudent person would ordinarily have done in such a situation. The law is not so unreasonable as to afford no test where there has been no practice by others with which the conduct in question can be compared; nor does it permit common sense and reason to lose their sway because, through ignorance, inattention, or selfishness, an unreasonable practice has prevailed." In the same case, Judge SANBORN, in his concurring opinion, said: " 'The duty of the defendant towards him was the exercise of reasonable care in furnishing and keeping its machinery and appliances, about which he is required to perform his work, in a reasonably safe condition. It was the defendant's duty also to use like ordinary care in selecting competent fellow servants and in a sufficient number to insure that the work would be safely done; and this duty was discharged by the defendant if the care disclosed by it in these several matters accorded with that reasonable skill and prudence and care which careful, prudent men, engaged in the same kind of business ordinarily exercise.' " See, also, Texas & Pacific Railroad Co. v. Behymer, 189 U. S. 468, 23 S. Ct. 622, 47 L. Ed. 905; Wabash Railway Co. v. McDaniels, 107 U. S. 454, 2 S. Ct. 932, 27 L. Ed. 605; Union Pacific Railway Co. v. Daniels, 152 U. S. 684, 14 S. Ct. 756, 38 L. Ed. 597.

There is no merit in the appellee's contention that the declaration did not warrant the submission of the two theories to the jury, as the evidence and appellee's instructions negative its idea. We think the declaration is plain as we have above set forth. Nor is there any merit in appellee's contention that it was entitled to a

peremptory instruction. The question was properly submitted to the jury as to whether or not there was negligence and whether or not such negligence proximately caused the injury.

There is no merit in the contention that the defect in the instruction was not called to the attention of the court below. We have long since passed that day. It may be fairer to the court below, but the rule does not obtain in this jurisdiction. The instructions are a part of the record, and are properly considered in this court as a part thereof; and if an erroneous instruction is given which we think influenced the jury in an unwarranted degree, it is proper for us to reverse even though the court below did not have the error in the particular instruction in mind. The other instructions taken together do not cure the error pointed out in the above instruction, and it is fatal.

Complaint is made of other instructions granted to the appellee, subject perhaps to criticism, but we think upon another trial these criticisms will disappear.

Reversed and remanded.