COBB BROS. CONST. CO., INC., *v.* CAMPBELL.

(Division A.  Nov. 2, 1936.  Suggestion of Error Overruled Nov. 30, 1936.)

[170 So. 283.  No. 32312.]

**Davis & Davis,** of Purvis, for appellant.

E. F. Coleman, of Purvis, for appellee.

Argued orally by **T. W. Davis, Sr.**, for appellant, and by **E. F. Coleman**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellee recovered a judgment in the court below against the appellant for an injury to his person alleged to have been caused by the appellant's negligence. One of the assignments of error challenges the overruling of the appellant's request for a directed verdict.

Highway No. 11 crosses the New Orleans & Northeastern Railroad track. The highway was being depressed so as to pass under the railroad track and was also being paved, the work being done by the appellant. The appellee was one of its employees. Cement used in this construction work was stored a short distance from the mixer, but the railroad track passed between the two places. The declaration contains two counts with only one of which we are here concerned, and which alleges that the appellant was negligent in failing to furnish a sufficient number of persons to do the work in which the appellee was engaged. The declaration alleges that "the defendant had in its employ a foreman by the name of Yates whose duty it was to supervise the building or paving of the said underpass and direct the movement of the laborers and employees of the defendant. That on said date the said foreman Yates ordered the plaintiff and a negro by the name of Edgar

Connelly to take a wheelbarrow and roll the cement from the small house or room aforesaid to the concrete mixer. That in order to reach the concrete mixer from the small house or room the said plaintiff and his co-laborer were forced to cross the track of the said railroad company aforesaid, and that the said track was not level with the ground but was somewhat elevated above the ground and there was no way provided by the defendant to roll the said wheelbarrow across the said track and on account thereof the said wheelbarrow had to be lifted and carried across the said track aforesaid and this was done by the plaintiff taking hold of the wheel and the other co-employee or co-laborer taking hold of the handles of the said wheelbarrow and lifting same across the track. That when the said wheelbarrow was loaded with the cement as instructed by the foreman of the said defendant the same was too heavy for the said plaintiff and his co-laborer to lift across the said track with reasonable safety.

"Plaintiff alleges that in compliance with the orders of the said defendant through its said foreman Yates, plaintiff and his co-laborer rolled one load of the said cement from the said small house or room to the concrete mixer, whereupon plaintiff then informed the said foreman Yates that the work was too heavy and dangerous for the said plaintiff and his co-laborer and requested the said defendant to either furnish another employee to assist them in lifting the wheelbarrow loaded with cement across the said railroad tracks or permit him to carry the said cement on his shoulder and provide a safe way across the said track aforesaid, whereupon the said defendant acting through its said foreman Yates negligently refused to furnish another laborer or employee to assist the said plaintiff and his co-laborer and also refused to provide a safe way across the said railroad track but then and there ordered and directed the said plaintiff and his co-laborer to roll the said cement in the said wheelbarrow as he had ordered

them to do and to also be in a hurry about same or get off of the job, and also at the same time negligently ordered and directed the plaintiff to bring tools and chains on their next load in addition to the cement, and also advised the said plaintiff to hurry up with the said cement and tools and chains and advised him to either do as directed or get off the job.

"Plaintiff alleges that in compliance with the orders of the said defendant acting through its said foreman he and his co-laborer loaded the said wheelbarrow with the said cement and tools and chains as instructed and ordered by the said defendant and when they reached the said railroad track aforesaid with the said wheelbarrow loaded as aforesaid the said plaintiff and his co-laborer attempted to lift same across the said railroad track as he was required and ordered to do by the said defendant in order to get the said cement and tools and chains to the said concrete mixer, and in so doing plaintiff strained his back and right side and the ligaments, tendons and muscles of his back and right side were torn and strained and he also sustained a rupture on account of the said straining, and on account of the said injuries he suffered great physical pain and agony and mental anguish . . . and has so suffered ever since."

The cement was packed in sacks, each weighing ninety-eight pounds. The declaration does not allege how many sacks the appellee was supposed to haul at a time, but, according to the evidence, he was directed to carry two sacks each time. What occurred between the appellee and the foreman was not in accord with the allegations of the declaration. According to the evidence, it was this: The appellee and his helper each hauled one sack of cement to the mixer, whereupon the appellant's foreman directed them to haul two sacks at a load, and also directed the appellee to carry a chain and one or two other articles, aggregating about one hundred pounds in weight, to the mixer. The appellee then told the foreman that the load would be heavier than they could

cross the railroad track with and requested additional help therefor. The foreman declined to furnish this help, and told the appellee to haul the cement or get off the job. When the appellee and his helper reached the railroad track with the next load, the appellee's wheelbarrow containing two sacks of cement and the additional articles he was directed to carry to the mixer, together they lifted the wheelbarrows across the track, one at a time, each helping the other; while crossing the track with the appellee's wheelbarrow he says he received a severe strain and rupture from which he still suffers. The appellee says he knew the load was too heavy for him to lift, but that he was obeying the foreman's direction to either carry the cement across the track or get off the job. The cement and other articles could have been easily carried across the track by one man carrying one sack at a time and then the other articles.

The evidence does not disclose that the foreman told the appellee what method to pursue in crossing the track; the inference therefrom is that he meant for the wheelbarrows to be rolled across. The appellee selected his own method of crossing the track, and instead of carrying the cement across one sack at a time, as he says he could have easily done, he adopted a more difficult way and one which, according to his own evidence, he knew would overtax his strength. The appellee's injury was not the result of an attempt to cross the railroad track in a manner directed by the appellant's foreman, but in a manner selected by himself, and therefore was not occasioned by any negligence of the appellant. The appellant's request for a directed verdict should have been granted.

Reversed, and judgment here for the appellant.