GAINES *et al. v.* STRICKLAND.

(Division B. . Nov. 23, 1936.)

[170 So. 695. No. 32386.]

Leathers, Wallace & Greaves, of Gulfport, for appellants.

**Eaton & Eaton,** of Gulfport, for appellee.

Argued orally by **R. A. Wallace,** for appellant, and by **Barney Eaton,** for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

Appellee, W. W. Strickland, was plaintiff in the court below and brought suit against appellants, a partnership, by whom appellee was employed, for personal injuries alleged to have been caused by appellants. The work in which appellee's injury is claimed to have been received was the removing of certain timbers used in the construction of a pier and warehouse at Gulfport, which timbers were alleged to be large and heavy, and saturated with water with barnacles thereon from being in the water, all of which made them very difficult to handle without grabhooks.

The declaration alleged negligence as follows: (1) In not furnishing a sufficient number of men to do the work; (2) in not furnishing suitable appliances, to-wit, grabhooks; and (3) in failing to furnish plaintiff with a safe place in which to work.

The timbers had been drawn from the water and placed upon a sand beach to be loaded upon a truck. One of the members of the appellant partnership was in charge of the project. In lifting the timber from the beach to the truck, it was necessary to place one end in the back of the truck, it having a body with sides, and then to push said timber, by hand, into the truck. During the lifting of one of these heavy timbers, one man so engaged in holding one end stated that he would have to turn it loose as the barnacles were cutting his hand, and he thereupon turned it loose. Plaintiff, appellee here, did

not turn his end loose because, if he had done so, it would have fallen on his foot, and he thereby suffered a rupture.

The evidence shows that, at the time of the injury, there were men who grumbled at not being furnished with grabhooks with which to handle the timbers, and the foreman, one of the partnership, told them to take the timbers by hand, or else get off the job, using profanity to indicate his displeasure at the speed with which the work was being carried on.

The defense was the general issue, with notice thereunder to the effect that the plaintiff was guilty of negligence which was the proximate cause of his injury, in that he was familiar with and knew, or could have known, the alleged condition and weight of the timber he was assisting in moving, and in holding onto said timber when his coworker was unable to maintain a hold thereon; that he was not being furnished with a sufficient number of men to assist in moving said timber; and that despite all this plaintiff moved, or assisted to move, said timber.

Without setting out the evidence in this case, we think it was sufficient to warrant the jury, if believed, in finding that it was necessary to have grabhooks to safely handle timber in the condition it was shown to be, and that an insufficient number of men was furnished.

We do not think there was any evidence warranting the jury to find that it was the duty of the appellants to furnish a safe place to work. The place was not a permanent one, but was shifting from one point to another, and it was not practical or reasonable to make the place any safer than it was in its normal condition.

In this condition of the evidence, the court gave the appellee instructions to the effect that an employee shall not be held to have assumed the risk of his employment where injury results, in whole or in part, from the negligence of the master, and that the jury should find for

the plaintiff if they believed that the defendant failed to provide a competent number of employees, a reasonably safe place in which to work or reasonably safe instrumentalities with which to work. The appellee was also given an instruction to the effect that if the jury believed that defendant, through an agent, directed plaintiff and his coworker to pick up a heavy piece of timber with their bare hands, and failed to provide grabhooks or safe tools with which to do the work, which resulted in appellee's injury, they should find the defendant liable, and appellee was also given an instruction to the effect that where a master employs servants to act in concert in the performance of their duties, it is his nondelegable duty to furnish a reasonably safe and competent number of servants to perform the duties required of them, and if he failed to so do, then the jury should find the defendant guilty.

For the defendant, the court gave an instruction to the effect that the plaintiff cannot recover on account of the failure of the defendant to furnish grabhooks, and also an instruction telling the jury that the plaintiff cannot recover anything because of the failure to be furnished with a reasonably safe place in which to work.

It will be seen from these instructions that they are in direct conflict, and that the jury did not have a proper guide in passing upon the facts in the case. The court instructed the jury for the plaintiff that it was necessary for the defendant to use reasonable care to provide safe tools, such as grabhooks, for the doing of the work, and a safe place in which to work, while, on the other hand, it told the jury, for the appellants, that these matters were not necessary, and that the jury should not find for the plaintiff on either of these grounds.

This, of course, is reversible error. The jury must be given a proper guide for their consideration in every case.

For the reasons assigned, the judgment of the court below must be reversed and the cause remanded for a new trial.

Reversed and remanded.