HARDAWAY CONTRACTING CO. *v.* RIVERS.

(In Banc. May 9, 1938.)

[180 So. 800. No. 33153.]

Watkins & Eager, of Jackson, and Richardson & Sandford, of Philadelphia, for appellant.

Percy M. Lee, of Forest, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellee, an employee of the appellant, and two others of its employees, were engaged under the direction of the appellant's foreman in lifting and moving one end of a wooden mat, which fell and injured the appellee because, as he alleges, of the appellant's negligence in not furnishing a sufficient number of employees to lift and move the mat. He recovered a judgment against the appellant for the damages he thereby sustained. The several assignments of error will be disposed of seriatim.

1.   After the jury, when being impaneled, had been accepted by the appellee, and tendered to the appellant, its counsel orally requested the court to discharge the jurors impaneled, and grant it a mistrial.   The ground of this motion is that, when the jury was tendered to the appellee, his counsel interrogated them at considerable length "as to whether any of them had ever worked for, or been in the employ of, or worked with, any life or casualty insurence company"; which was calculated and intended to bring to the attention of the jury that the appellant held an insurance policy covering its liability to the appellee for the injury received by him.   Whether error appeared in the examination of these jurors is not presented by this motion.   That fact could only be made to appear in two ways:   first, by a stenographic report of the voir dire examination of the jurors, which this record does not contain, disclosing objections to improper questions, and erroneous and prejudicial rulings thereon; or by a special bill of exceptions, so disclosing.

2.   At the close of the evidence the court refused the appellant's request for a directed verdict.   The appellant was engaged in the construction of a state highway, which was being hard surfaced.   On the occasion in question the appellee, together with others of the appellant's employees, was engaged, under the direction of the appellant's foreman in charge of the work, in "walking" a steam shovel, i. e., moving it along, and on the surface of, the road.   The steam shovel was very heavy, and, in order to prevent it from injuring the newly laid surface of the road, it was necessary for it to move over wooden mats.   These mats consisted of three 2x12x16 planks, fastened together lengthwise by means of cleats cut crosswise from similar planks.   These cleats, according to appellee's evidence, were so placed as to cause the mat to be of the same weight as if constructed of six planks. These mats were placed in front of the shovel, and, as it progressed, mats over which it had passed were pulled by a tractor from the rear of the steam shovel to the front,

and there placed in position crosswise the highway, in front of the shovel, by six employees, three at each end. The method used under the direction of the foreman was for three employees to lift one end of the mat with the other end resting on the ground, shove it a few feet forward, and lower it to the ground, whereupon the same process would be gone through by the three men at the other end of the mat, and so on, until it was properly placed. Prior to the appellee's injury the mats used were constructed of two oak planks, fastened together with cleats of the same material.

The appellee, when directed by the foreman to assist in moving this mat, remonstrated with him, telling him that the mat was too heavy for three men to lift, to which the foreman made no reply. Each of the other two employees similarly remonstrated, as did another employee then present, but not engaged in moving the mat. To one of them the foreman replied that the mat was not too heavy for three men to move in the manner hereinbefore set forth.

The appellee and his three assistants then lifted the end of the mat, and moved it forward about a foot, when it fell, struck, and seriously injured the appellee's leg and foot. The reason given by each of these employees for the falling of the mat was that it was too heavy for them to hold. The appellee and his three assistants testified to the weight of the mat, but stated that they had not weighed it, and were simply giving their estimate as to its weight. Their estimates varied from 800 to 1,600 pounds.

The defendant introduced testimony to the effect that on the morning of the trial of the case a mat that had been used by the appellant in ''walking'' its shovels, consisting of two oak planks 2x10x16, fastened together with cleats of the same material, between which cleats there were spaces, sometimes as much as four inches, was weighed, and that its weight was 410 pounds, from

which the appellant argues that a three-plank mat of the same material "could not have weighed more than 615 pounds."

The appellant claims that it was entitled to a directed verdict on two grounds: (1) That the appellant's evidence as to the actual weight of the mat controls the estimates thereof by the appellee's witnesses; and that directing three men to lift and move one end of a mat weighing 615 pounds presents no evidence of negligence; but, if mistaken in this, (2) the evidence discloses "that the appellee was doing that which he knew he could not do, and that he acted voluntarily and without coercion on the part of the appellant. . . . This fact in itself conclusively shows that it was the negligence of the appellee in voluntarily doing that which he knew he could not do that was the proximate cause of the injury, and in no wise the negligence of the appellant." The appellant further says that, by voluntarily assisting in the attempt to lift and move the mat which he knew was too heavy for three men to lift, the appellee assumed the risk of the negligence, if any, of the appellant in failing to furnish a sufficient number of men to lift and move the mat.

Estimates of weights and measures will yield to actual weights and measures when such are established. Kress & Co. v. Sharp, 156 Miss. 693, 126 So. 650, 68 A. L. R. 167. But such is not here the case. The mat here weighed was not the one in question, but differed materially therefrom, not only in the size of the planks composing it, which were 2x10x16, instead of 2x12x16, and also in the number of cleats by which they were fastened together. On the whole evidence it was for the jury to say whether the mat was too heavy for the three men to lift.

The common-law rule that a servant assumes the risk incident to the negligence of his master, of which he has knowledge, was abolished as to most railroad employees by section 193 of the State Constitution. and as to all employees "except as to conductors, or locomotive engineers, in charge of dangerous or unsafe cars or engines

voluntarily operated by them," by section 513, Code 1930. That the appellee may not have been coerced into assisting in lifting the mat, but voluntarily did so, is of no consequence, for the statute itself contains the only exception in this respect which it permits, and it must be enforced as written.

But the appellant says that the appellee's injury resulted from his own negligence, and not from that of the appellant; in support of which it says that a man is primarily the judge of his own strength, and under no duty to his master to overexert it; and, if injury results to him from such overexertion of strength, this is negligence on his part, constituting the proximate cause of his injury. Under some circumstances such is the rule, but it has no application here. The cases relied on by the appellant are Cobb Bros., etc., Co. v. Campbell, 176 Miss. 695, 170 So. 283; Goodyear Yellow Pine Co. v. Mitchell, 168 Miss. 152, 149 So. 792, 150 So. 810, and Batson Hatten Lumber Co. v. Thames, 147 Miss. 794, 114 So. 25.

Campbell, in his case, was directed to move cement in sacks from one place to another, and was given a wheelbarrow with which so to do, in the course of which it was necessary to cross a railroad track. This crossing could not be made by pushing the wheelbarrow, so the appellee attempted to cross it by lifting the wheelbarrow with the aid of another employee, in the course of which he overexerted his strength, resulting in his receiving a severe strain and rupture. He had not been instructed to cross the track in this manner, but selected his own way for so doing, when he could easily have selected another and perfectly safe way therefor; because of which the court held that Campbell's injury resulted from his own and not his master's negligence.

Mitchell, in his case, was directed to move, by himself, a timber which he knew was too heavy for him so to do, under a threat of discharge if he did not obey. In attempting to comply with this order he fell because of the weight of the timber, and was injured. The court held

that, although Mitchell knew the timber was too heavy for him to move alone, he did not assume the risk incident thereto, for the reason that his employer had coerced him into so doing, thereby applying a common-law rule, by which the same conclusion was reached as would have been had the case been rested on the statute hereinbefore cited. The expressions therein used indicating that Mitchell would have assumed the risk had he voluntarily attempted to move the timber, or, rather, that in that event the negligence causing his injury would have been his, and not that of his master, were not necessary for the decision of the case, and, in so far as assumption of the risk is concerned, runs counter to the statute hereinbefore cited. The same may be said of Everett Hardware Co. v. Shaw, 178 Miss. 476, 172 So. 337, 339, 173 So. 411. Cf. Newman Lumber Co. v. Cameron (Miss.), 174 So. 571. We are not confronted here with a case in which the servant, in the course of his employment, was attempting to lift a timber which he knew was too heavy for him, without having called his master's attention thereto. Consequently we express no opinion thereon, for here the appellee specifically called the appellant's foreman's attention to the fact that the mat was too heavy for three men to lift.

Thames, in his case, was attempting to move a heavy, defective truck over a defective track without the assistance of all his fellow servants who had been assigned to that duty, and exerted " 'an extraordinary and unusual amount of strength' [in so doing], resulting in the infliction on him of a rupture or hernia." The court held that the master was not liable on two grounds: First, that Thames was under no duty to attempt to move the truck without the assistance of all of his fellow servants assigned thereto, and, second, "the defects in the track and truck and the absence of some of the members of the appellee's crew were, at most, merely the causa sine qua non of his own injury, but his own imprudence in voluntarily attempting to move the truck under the cir-

cumstances and 'exerting an extraordinary and unusual amount of strength' in so doing was the causa causans, the proximate cause of his injury, for which he, alone, must be held responsible." In the case at bar the appellee's injury did not result from a strain caused by overexertion of his strength; but, on the contrary, was caused, if his evidence is to be believed, by the fact that the mat was dropped, for the reason that it was too heavy for three men to hold. Moreover, while "it is true that primarily a man is the best judge of his own strength to do heavy labor," Everett Hardware Co. v. Shaw, supra, he is not the judge of the strength of his fellow servants, in the sense that it was his, and not his master's, duty to determine it. The appellant, through its foreman in charge of the work, selected the mat, and designated the number of men to lift it. If this foreman was negligent in not furnishing more men to lift the mat, the negligence was that of the appellant, for its duty to exercise reasonable care to furnish a sufficient number of men for that purpose was nondelegable.

3. The evidence that the appellant's foreman's attention was called to the fact that the mat was too heavy for three men to lift was admitted over objections thereto. The ground of this objection is that this fact is not set forth in the declaration. Assuming this to be true, nevertheless the evidence was admissible, for the failure of the foreman to act thereon could be taken into consideration by the jury in determining whether he exercised reasonable care to furnish a sufficient number of men to move the mat.

4. No error was committed in permitting the appellee's witnesses to give their estimate of the weight of the mat, not based on the actual weight thereof, for "Estimates of weight by persons familiar with the property or article in question are competent." 22 C. J. 596, and authorities there cited; 4 Wigmore on Evidence (2 Ed.), section 1977.

5. Nor was error committed in admitting the evidence of the appellee's witnesses that three men were an insufficient number for the lifting of the mat. They were experienced in the work then being done, and were qualified to express an opinion on the number of men required for its safe performance.

6. The court instructed the jury for the appellant, "that the plaintiff was himself guilty of negligence proximately contributing to his own injury; and if you believe from the evidence solely by reason thereof the accident occurred, then under the law, the verdict must be for the defendant." It also instructed the jury for the appellee: "That even though you may believe from the evidence in this case that the plaintiff was guilty of negligence which contributed to his injury, yet if you further believe from the preponderance of the evidence that the defendant company was also guilty of negligence either in failing to provide a sufficient force to do the work or in doing the work in a manner that was not reasonably safe, and that such negligence of the defendant company contributed to the plaintiff's injury, then it is your sworn duty to return a verdict for the plaintiff and reduce the amount to which he would otherwise be entitled by the amount of negligence attributable to him."

The appellant says that these instructions are in conflict; that by its instruction the jury were peremptorily charged that the appellee was guilty of negligence; and that the appellee's instruction submitted that fact to the jury. The instructions are in conflict, but no reversible error was thereby committed. The appellant bases its claim that the appellee was guilty of negligence on two facts only: First, that he participated in lifting the mat when he knew that three men were insufficient for that purpose; and, second, that in moving the mat he placed his foot in a position to permit the mat to fall on it. While the statute exonerated the appellee from the assumption of the risk by assisting in lifting and moving the mat, with knowledge that three men were insufficient therefor,

it did not absolve him from exercising due care while assisting in lifting and moving the mat. This knowledge increased his duty to exercise care not to be injured in event the mat should fall. The evidence does not disclose why he placed his foot in the position it was, so that no negligence in so doing seems to appear; at all events, the evidence did not warrant the court in peremptorily charging the jury that he was negligent. Had the jury returned a verdict for the appellant in accordance with its instruction, any judgment rendered thereon would, on application therefor, have been set aside. This being true, it cannot complain of an instruction for the appellee in conflict with its instruction, granting it less than it asked, but all, probably more than that, to which it was entitled.

Affirmed.