# HARRIS *et al. v.* POUNDS.

(In Banc. April 17, 1939. Suggestion of Error Overruled May 22, 1939.)

[187 So. 891. No. 33575.]

Rawls & Hathorn, of Columbia, for appellants.

Henry Mounger and Hall & Hall, all of Columbia, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellee recovered judgment in an action of tort against appellants on the allegation that appellee and five co-workers, employes of appellants, were ordered by appellants, over the protest of appellee, to carry a hardwood log over rough, uneven and slippery ground, it be-

ing averred by appellee that the log was too heavy to be safely carried by six men over such ground, and that appellants should have known this on the exercise of reasonable care.

In considering this complaint of appellee, that the log which he and his five fellow workers were required, by concerted action, to carry was too heavy for six men, we are at once confronted with the point made by appellants and with the fact that there is no sufficient evidence in the record of the weight, actual or approximate, of the said burden. How, then, was the jury to say, of their own independent judgment, whether it was too heavy? The only fact in this record from which a conclusion may be reached as to the weight of the log is its size, to-wit, that it was about 15 feet long and of an average diameter of about 12 inches, and that it was hardwood log,—but of what species is not shown.

And if it be argued that, because the county in which the case was tried is one abounding in timber growth, jurors from their common observation may estimate the approximate weight from the above data, this would be to say that it is a matter of which common or judicial knowledge may be taken.

It is true that a jury has the right to take into consideration all that knowledge which is common to the average man and springs from the ordinary relations and experiences of life, and in their adjudications may use and apply their own knowledge and observation as regards such ordinary experiences and relations; but their province, in respect to the knowledge of facts which they may thus judicially notice and act upon, without record evidence of the particular facts, is no broader than that of the judge on the bench, who has the power and duty of supervision and review over jury verdicts. 1 Jones, Com. on Evidence (2 Ed.), secs. 471, 472; 5 Wigmore on Evidence (2 Ed.), sec. 2570.

If, then, the weight of a hardwood log of a given size and of a certain species is within the common knowledge

of the jury, it is at the same time and as fully a matter of which the presiding judge could take judicial knowledge, and hence of which we here may know judicially, and, therefore, may resort for actual knowledge of it to any such informative source as the court may deem dependable. Witherspoon v. State, 138 Miss. 310, 320, 103 So. 134; Jones v. United States, 137 U. S. 202, 11 S. Ct. 80, 34 L. Ed. 691, 697; 1 Jones, Com. on Evidence (2 Ed.), sec. 469; 7 Ency. Ev., p. 1031.

So doing, we could turn to Scribner's Lumber and Log Book, a book mentioned in our statutes, section 7358, Code 1930, and there we would find that the approximate weight of a hardwood log of the length and diameter above mentioned is given as 328 pounds for poplar, the lightest, to 538 pounds for beech, the heaviest dealt with therein, and that the average for all species is 438; and looking further to common knowledge, we could with perfect confidence say, and a jury of reasonable and impartial men would be bound to say, that a log weighing 438 pounds or 538 pounds is not too heavy a burden for six workmen of normal strength. This would be only seventy-three pounds or eighty-nine pounds each; and a workman in good health who could not carry that much load has no business in offering to work at all, in such an employment as was involved here. In presenting himself for such work, taking wages therefor, and making no complaint of any physical incapacity, he represents himself as capable of carrying much more than any such a load as 73 pounds or 89 pounds, and he will not be heard to assert otherwise. And we do not overlook the fact that the work was being done on soft and uneven ground.

If, therefore, common knowledge or judicial knowledge could be applied here, we would simply say, without further discussion than the above, that appellee has no maintainable cause of action. But the weight of timber or logs is not a matter of common knowledge, 1 Jones, Com. on Evidence (2 Ed.), sec. 429; 23 C. J., pp. 168-169,

sec. 1998; except, of course, the knowledge that it has considerable weight, and that the weight varies according to the species or class of the log or timber in question. The weight or the approximate weight of a log of a given size and length, and particular species, when, as here, the log is no longer in existence, must be shown by the testimony of a witness or witnesses who have had such special experience in that field as will make their opinion or estimate of distinct value beyond that which might happen to be entertained by a man of no such experience. This is the necessary result of saying that it is not a matter of common knowledge.

Testimony, such as above mentioned, would have been available in this case without any serious difficulty; but none was produced, and no witness gave any estimate of the weight of this log. It was left wholly to the conjecture of, or guess by, the jury, except that appellee and one of his witnesses said that the log was too heavy to be carried by six men. And thus there is sharply presented, and for the first time in these lifting or overloading cases, the question whether the statement of a witness or witnesses that a load was too heavy to safely carry is sufficient in probative force to sustain a verdict, without the weight or the approximate weight of facts of equivalent probative value having been shown in the evidence.

We suppose that if the size of the log had not been given in evidence at all, so that the jury would not have known but that it may have been only six feet long and six inches in diameter, all would admit that the mere assertion, the ipse dixit, of the witness or witnesses that it was too heavy to be carried by six men, would not be a sufficient foundation for a verdict of liability. What of sufficient substance has there been added by the evidence here that the log was a hardwood log twelve inches in diameter fifteen feet long? This still does not give the weight or the approximate weight of the log; it is not a matter of which the jury may take common or

judicial notice; and, as already pointed out, this weight may have been only 438 pounds, according to the average given in the logbook tables.

Whether a burden is too heavy to be carried by six men was for the jury to say upon the basis of evidentiary facts, not for the witness to get in the jurybox and decide that question. What approximately did the log weigh? We repeat that so far as the evidence shows it may have weighed only 438 pounds; and so far as the record discloses the two witnesses who said it was too heavy may have thought that 438 pounds was too heavy for six men, when that decision was one for the jury and not for the witness. Thus there would be in such an assertion by a witness or witnesses, an admixture of opinion and conclusion, but there is a vital difference between evidentiary opinion and juridical conclusion, however difficult it may sometimes be to locate the boundary between the two.

The point is, then, that when, without substantially more, a witness says a burden was too heavy, this proves nothing of what, in fact, it weighed or approximately weighed, and presents nothing to the jury to act upon except the declaration of the witness as to what the jury should conclude or how the jury should act. If this were sufficient in the judicial forum, the jury could be dispensed with and the witness would be allowed to adjudge the case without the interposition of the jury.

It will be found upon opening the books on the subject of Opinion Evidence that the discussion proceeds at once to the point that courts will not allow an invasion of the province of the jury by permitting the opinion of a witness or witnesses to be substituted as and for the conclusion of the jury as respects the ultimate fact in issue,—the only exception being one arising out of the absolute necessity that no better evidence than such an opinion in the form in which it is presented is attainable; but there is no such necessity in a case such as we have here. As has been tersely said: ''The verdict should express the jury's own independent conclusion from the

facts and circumstances in evidence, and not be the echo of the opinions of witnesses, perhaps not unbiased." Hames v. Brownlee, 63 Ala. 277, 278. Or, as expressed in Foster v. State, 70 Miss. 755, 763, 12 So. 822, it is not for one man or two men "to draw the conclusion and form the opinion when twelve had been selected and sworn to do that very thing." 22 C. J., pp. 498-514, secs. 596-600; 5 Ency. Ev., pp. 526-528.

And since it is the exclusive province of the jury to adjudge the ultimate fact in issue, and since the litigants on both sides have the absolute right to an adjudication by the jury of the ultimate fact and not by adverse witnesses, it becomes the duty of courts, in considering whether verdicts are sufficiently sustained, to avoid the danger of a substitution of the conclusion of a witness or witnesses for that of the jury by requiring, in respect to the facts upon which the jury is to arrive at its conclusion, the best reasonably attainable evidence of those facts. The best-evidence rule is a cardinal or fundamental principle of all our judicial procedure. The log here in question being no longer in existence, as the record would indicate, the best attainable evidence of its weight would be to give its size, which was done here, and the species of timber to which it belonged, which was not done here, and then call to the stand men of experience and special training in the handling of timber, including the kind in question, and place before the jury their estimates of the weight or approximate weight, in which connection for examination and cross-examination commonly recognized and customarily used books or tables on such weights might be considered, so that thereby and thus aided the jury could have the most dependable available method of arriving at the weight, and having so done, then they would be in a position upon their own independent judgment to say upon the ultimate issue whether that weight was too great for the number of men assigned to it.

But what have we here? Only the assertion of two

witnesses that the log was too heavy to be carried by six men, and even then it is not shown what experience these two witnesses had had in judging such weights. And we repeat that the ultimate issue as to whether it was too heavy was for the jury. Could there be a balder, a more obvious illustration of substituting the conclusion of a witness in the place and stead of that of the jury and that here presented? And it would be a substitution without the slightest necessity therefor, as we have already shown, and in the teeth of the best-evidence rule. If we were to sustain this verdict, all that a plaintiff in one of these lifting cases would have to show would be his own assertion or declaration that the burden was too heavy, and with this done, then enter up a judgment for him. It would mean that if a matter of distance were in ultimate issue, it would be sufficient if a witness merely said it was too far, or if of speed that it was too great, or if of value that it was too much, or if of time that it was too long. This would be judicature gone wild.

Moreover, in the present case, the assertion of the two witnesses that the load was too heavy for six men is infected with the ambiguity that it may have meant that the burden was too heavy for six men carrying it by hand, as was done here, and not inclusive of the meaning that it was too heavy to be safely carried by the use of sticks, —there being no evidence that the crew was given any directions as to the method to be used in carrying the log, or definitely as to the customary method theretofore followed in the course of that particular work, although there is some evidence that earlier on that day sticks were being used in moving the only other log that was shown to have been moved at all.

It is true that in two or three of the cases hereinafter cited, and wherein the record contained evidence of the actual weight, or competent estimates of the approximate weight, the witness has been allowed to state that the burden was too heavy for him, or in concert with his fellow workers, to carry; but it has never been said that

this assertion alone and in the absence of the other evidence as to weight, above mentioned, is sufficient to sustain a verdict. Certainly, no support by analytical discussion is needed of the proposition that in aspects too numerous to mention, certain testimony is admissible for what it is worth, yet of itself is not worth enough to make out a case. Hundreds of reported decisions might be pointed to in demonstration of this procedural principle. Among the more recent, the case of Yazoo & M. V. R. Co. v. Lamensdorf, 180 Miss. 426, 177 So. 50, 178 So. 80, may be selected. There a witness was properly allowed to testify as to his estimate of a short space of time. The verdict depended upon the acceptance of that estimate. The court held, however, that it was not sufficiently dependable and substantial to form the foundation of a verdict.

All this gets us back to the proposition that before a judgment can be sustained against an employer for overloading a servant, it must be shown by competent, factual evidence, what was the weight of that load, either actual or approximate, or there must be such other proof as will be the factual equivalent of direct proof. That the bar and the courts have so understood is strikingly illustrated by the cases involving this subject as follows: Gulf etc. R. Co. v. Nutt, 120 Miss. 93, 81 So. 642; Jefferson v. Denkmann Lumber Co., 167 Miss. 246, 148 So. 237; Goodyear v. Mitchell, 168 Miss. 152, 149 So. 792, 150 So. 810; Gow Co. v. Hunter, 175 Miss. 896, 168 So. 264; Cobb Bros. etc. Co. v. Campbell, 176 Miss. 695, 170 So. 283; Pearl etc. R. Co. v. Moody, 178 Miss. 1, 171 So. 769; Gaines v. Strickland, 178 Miss. 308, 170 So. 695; Everett etc. Co. v. Shaw, 178 Miss. 476, 172 So. 337, 173 So. 411; Hardaway Contracting Co. v. Rivers, 181 Miss. 727, 180 So. 800. In every one of these cases the actual weight or the approximate estimated weight was given in evidence,—as shown either in the opinions or when turning to the records of those cases now remaining on file with the clerk of this court.

. In only one case to which our attention has been directed, has the evidence failed to give the weight or approximately estimated weight, and this was in Natural Gas etc., Corp. v. Bazor (Miss.), 137 So. 788; but it was shown by the record on file in that case that two men were required, over their protest, to carry a log eight inches in diameter, twelve to fourteen feet long, in the nighttime, over ground full of stump holes, without a light, when customarily, and theretofore always four men had been assigned to that task, and even then by the use of sticks.

When two men, and who being only two cannot use sticks, are ordered, over their protest, to a task to which there had always theretofore been allowed four men using sticks, this was considered enough to hold the employer, especially under the particular circumstances of that case. When always a task has been considered a four-man task, and always theretofore four men have been assigned to it, using sticks, this is in effect an admission by the employer, sufficient to take the issue to the jury, that the load is unreasonably excessive for two men who must necessarily work without sticks and who are driven to it against their protest. But that is not the case here; there is no showing that the work involved here was ever considered anything more than a six-man task, and six men were here assigned to it.

We have considered, however, whether, in view of the case last mentioned and the possibility that counsel for appellee may have been induced by it to suppose that proof of the weight or approximate weight was not necessary, we should remand this cause rather than enter judgment here upon appellants' request in the trial court for a peremptory instruction. We have concluded that the differentiation between the case and the present case is so obvious, and that the possibility of making any unbiased proof of the weight substantially different from that shown in the lumber and log-book tables is so remote, that we would not be justified in taking here any other

than the ordinary course where a peremptory instruction was proper on the record as it presently exists.

Reversed, and judgment here for appellant.