MONTGOMERY WARD & CO., Inc., v. LINDSEY.

No. 9110.

Circuit Court of Appeals, Fifth Circuit.

June 28, 1939.

John Harvey Thompson, of Jackson, Miss., for appellant.

Earl Brewer, William H. Hewitt, and J. Ed Franklin, all of Jackson, Miss., and Frank F. Mize, of Forest, Miss., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Elmore Lindsey brought suit for damages for personal injuries against his employer, Montgomery Ward & Co., Incorporated. He complained that his employer negligently required him to move a heavy stove from place to place without sufficient help, and that while engaged in the task he sustained an inguinal hernia or rupture. The case was tried to a jury and a verdict was returned for Lindsey. Montgomery Ward & Co., Incorporated, brings this appeal.

The declaration alleged that Lindsey had been directed by the company supervisor, one Fesmire, to help move an iron stove which weighed between four and five hundred pounds; that a stove of such weight could not be moved with reasonable safety by two men; that Lindsey had protested to Fesmire that the stove was too heavy and had requested additional help which Fesmire declined to furnish; that the floor was littered with wrappings and trash which made footing unsafe; that Lindsey and Thomas had moved the stove ten or twelve times and that on the last moving he sustained his injury.

The evidence shows that the defendant company was engaged in remodeling and rearranging its store at Jackson, Mississippi. Employees of the store had been working overtime for many days helping in the arrangement of merchandise. On the night of Lindsey's injury employees were working on the third floor of the store arranging displays. Lindsey had been on duty from early in the morning until the time of his injury around 11 o'clock at night. Plaintiff testified that he asked Fesmire for additional help to move the heavy iron stove and that Fesmire declined to give him help and said, "Go ahead and move it or it will be your last time."

Another employee, Clarence Reed, testified that Lindsey and his helper had picked up the stove and put it down; that "Mr. Lindsey said, 'This is too heavy for two men. Give us some more help.' Mr. Fesmire said, 'Come on and bring that down—it ain't too heavy.' They started dragging it. He (Fesmire) said, 'Pick that up and bring it down here.' They picked it up and Thomas kind of slipped and it threw the whole weight on Lindsey."

■ It was the duty of the master to furnish his servant with a safe place in which to work and also safe instrumentalities with which to do the work. Everett Hardware Company v. Shaw, 178 Miss. 476, 172 So. 337, 173 So. 411; Goodyear Yellow Pine Co. v. Mitchell, 168 Miss. 152, 149 So. 792, 150 So. 810.

■ It is likewise the duty of the master to provide proper assistance and help to aid an employee engaged in doing work such as that being done by Lindsey on the night of his injury. "Where a master employs servants to act in concert in the performance of their duties, it is the nondelegable duty of the master to furnish a sufficient number of servants to perform the duties required of them; and if he fails so to do, and such failure is the proximate cause of the injury of one of the servants, the master is liable for such injury." Natural Gas Engineering Corporation v. Fred Bazor, Miss., 137 So. 788. By Mississippi statute, assumption of risk and contributory negligence are not defenses to suits by employees. Mississippi Code, 1930, Secs. 511, 513.

■ It was a question for the jury as to whether a sufficient number of employees

were furnished and whether the stove was too heavy for Lindsey and his helper to safely move. Natural Gas Engineering Corporation v. Fred Bazor, Miss., 137 So. 788; Jefferson v. Denkmann Lumber Company, 167 Miss. 246, 148 So. 237; Hardaway Contracting Company v. Rivers, 181 Miss. 727, 180 So. 800.

The appellant requested the trial court to give to the jury the following written instruction: "The Court instructs the jury for defendant that if it finds from the evidence that the plaintiff and one fellow worker moved the stove mentioned by the plaintiff ten or twelve times without injury then the defendant and its servants in charge were justified in believing that two men were sufficient to so move said stove an additional time with safety to themselves and the defendant and its servants in charge were guilty of no negligence in directing that the stove be moved an additional time." This charge precluded consideration by the jury of a number of vital issues, and was in effect a request for a directed verdict. It was properly refused.

The evidence was in sharp conflict and the issues were correctly submitted to the jury. We find no reversible error in the record.

The judgment is affirmed.