## HERRIN MOTOR LINES, INC., v. JARVIS.
### No. 11618.

Circuit Court of Appeals, Fifth Circuit.
June 27, 1946.

Gerald H. Brandon and Oliver M. Hornsby, both of Natchez, Miss., for appellant.

Chas. F. Engle, of Natchez, Miss., and Ross R. Barnett, of Jackson, Miss., for appellee.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

This is a personal injury case tried by the Court without a jury, wherein judgment was rendered for the plaintiff under a complaint alleging that the defendant (appellant here) was guilty of negligence in failing to furnish the plaintiff with sufficient help to perform the work which he had been commanded to do and in the attempted performance of which he received injuries as a proximate result of said negligence.

Appellant urges here:

(a) That the Court erred in allowing an amendment to the complaint, shortly prior to the trial, as to the nature of the negligent act complained of.

(b) That the Court erred in finding that the defendant did not furnish the plaintiff with sufficient help to do the work in which he was engaged at the time of the alleged injury.

(c) That the Court erred in not holding that the plaintiff's own negligence was the sole primary and proximate cause of the injury and in failing to hold that the plaintiff had assumed the risk.

(d) That the Court erred in finding that the contributory negligence of plaintiff was only one-third of the total negligence and as a consequence the plaintiff was not entitled to recover a judgment in the amount fixed by the lower Court.

It was within the discretion of the Court to allow the amendment to the complaint under the liberal provisions of Rule 15 of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and particularly in view of the statement of counsel for the defendant, upon the allowance of the amendment, that he did not desire a continuance.

The contention that the defendant did not furnish the plaintiff with sufficient help to do the work presents a question of fact, and under Rule 52(a) Federal Rules of Civil Procedure, findings of fact by the Court shall not be set aside unless they are clearly erroneous. Due regard must be given to the opportunity of the trial Court to judge of the credibility of the witnesses.

The law has been well settled in the State of Mississippi that it is the non-delegable duty of the master to furnish a sufficient number of servants to perform the services required of them where a servant is employed to act in concert with others, and that if injury proximately results from a negligent failure so to do, the master is liable. See Natural Gas Engineering Corporation v. Bazor, Miss., 137 So. 788; Everett Hardware Co. v. Shaw, 178 Miss. 476, 172 So. 337; Jefferson v. Denkmann Lumber Co., 167 Miss. 246, 148 So. 237.

Whether or not the plaintiff's negligence was the sole proximate cause of the injury in this case is a question of fact which was resolved by the trial Judge against appellant with substantial evidence to support his conclusion. Our judgment should not be substituted for his.

The plaintiff assumes the ordinary risks such as are inherent in the work which he accepts employment to do, but he does not assume the risk of his master's negligence, nor the risks that arise from the failure of the master to exercise reasonable care under the circumstances for his safety.

The Court below held as a matter of fact that the defendant was guilty of negligence in failing to furnish the plaintiff with sufficient help to do the work which he was commanded to do, and the over-estimation of his strength by the plaintiff in attempting to lift too heavy an object would amount merely to contributory negligence which, under the law of Mississippi, would not defeat recovery but would go only toward the reduction of damages. Under the facts so found we agree with the conclusions reached by the trial Judge.

The proportion of the negligence contributed by the plaintiff to the total negligence presents a question of fact in this case, of which we are not the triers. We cannot say that the judgment of the lower Court is clearly erroneous either as to the facts in evidence or as to the legal conclusions applied to those facts.

We have considered all of the specifications of error argued by the appellant and have concluded that the judgment of the lower Court is without reversible error, and it is affirmed.